**Richard A. DRESSLER, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, State of Iowa, Appellee.**

No. 94–1945.

Supreme Court of Iowa.

Jan. 17, 1996.

William Jeffrey Crispin of Wilson & Adams, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney Gener-

al, and Kerry Anderson, Assistant Attorney General, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

Richard A. Dressler appeals from the district court's denial of his petition for a writ of certiorari against the Iowa Department of Transportation (IDOT). In his petition, Dressler challenges as unconstitutional 1993 Iowa Acts chapter 16, section 4, codified at Iowa Code section 321.209(8) (1995). Section 321.209(8) authorizes the IDOT to revoke the driver's license of a person convicted of certain drug, drug tax, or drug-related offenses.

We reach only Dressler's contention that section 321.209(8) violates double jeopardy guarantees. We conclude section 321.209(8) is constitutionally infirm under the federal Double Jeopardy Clause. We reverse the district court's order denying Dressler's petition for a writ of certiorari. We remand to allow the district court to enter an order granting the writ.

## I. *Background Facts and Proceedings.*

In March 1994 Dressler pleaded guilty to the possession of a controlled substance. *See* Iowa Code § 124.401(3). About six weeks later, the IDOT notified Dressler in writing that his driving privileges were revoked for 180 days pursuant to Iowa Code section 321.209(8). The notice also informed Dressler that he was not entitled to a preliminary hearing on the matter.

Dressler then filed a petition for a writ of certiorari with the district court. In the petition he asked the court to find section 321.209(8) unconstitutional on the three grounds he urges here. Dressler appeals from the court's order dismissing the writ.

## II. *Scope of Review.*

A writ of certiorari is proper under Iowa Rule of Civil Procedure 306 when one "exercising judicial functions . . . is alleged to have . . . acted illegally." Our review of certiorari actions is generally at law. *Grant*

*v. Iowa Dist. Ct.*, 492 N.W.2d 683, 685 (Iowa 1992). Because Dressler alleges a constitutional violation, our review is de novo. *State v. Clarke*, 475 N.W.2d 193, 194 (Iowa 1991).

### III. *Applicable Law.*

Iowa Code section 321.209(8) pertinently provides that

> [t]he department shall upon twenty days' notice and without preliminary hearing revoke the license or operating privilege of an operator upon receiving a record of the operator's conviction for any of the following offenses, when such conviction has become final:

> [Sections 1–7 deal with vehicle-related offenses.]

> . . . .

> 8. A controlled substance offense under section 124.401, 124.401A, 124.402, or 124.403; a controlled substance tax offense under chapter 453B; a drug or drug-related offense under section 126.3; or an offense under 21 U.S.C. ch. 13.

### IV. *Double Jeopardy.*

■ The Fifth Amendment to the federal constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The protections against double jeopardy are enforceable against the states through the Fourteenth Amendment to the federal constitution. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969).

■ The Double Jeopardy Clause is violated when (1) a second prosecution for the same offense occurs after acquittal, (2) a second prosecution for the same offense occurs after conviction, and (3) multiple punishments occur for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993).

■ Dressler's double jeopardy claim falls within the third situation: multiple punishments occurring for the same offense. He contends the State impermissibly inflicted two punishments upon him for the same offense—possession of a controlled substance. Dressler claims he was punished the first time when he was incarcerated and paid a $250 fine and court costs for possession under section 124.401(3). He claims he was punished a second time when the IDOT notified him that, without the benefit of a hearing, his license was revoked for 180 days.

Dressler says that to escape double jeopardy concerns, a state wishing to inflict post-conviction punishment upon a defendant must do so in a single proceeding. He contends that was not the case here, because the license revocation followed Dressler's initial conviction and sentence under section 124.401(3). This, he argues, constituted "multiple prosecution and punishment for the same offense in separate proceedings," constitutionally prohibited by federal double jeopardy guarantees.

To support his argument, Dressler relies heavily on two recent United States Supreme Court decisions: *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Montana Department of Revenue v. Kurth Ranch*, 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). In *Halper*, the Court held that a civil penalty, imposed after a criminal penalty, may constitute a second punishment for double jeopardy purposes

> when the sanction as applied in the individual case serves the goals of punishment.

> These goals are familiar. We have recognized in other contexts that punishment serves the twin aims of retribution and deterrence. Furthermore, "[r]etribution and deterrence are not legitimate nonpunitive governmental objectives." From these premises, it follows that a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term. We therefore hold that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be char-

acterized as remedial, but only as a deterrent or retribution.

*Halper,* 490 U.S. at 448–49, 109 S.Ct. at 1901–02, 104 L.Ed.2d at 501–02 (citations omitted).

In *Kurth Ranch,* the Court had before it a postconviction drug tax assessment. Employing a different analysis from that articulated in *Halper,* the Court held that the tax constituted a second punishment. For that reason, the tax had to be imposed during the first prosecution or not at all. The Court characterized the postconviction proceeding to collect a tax as "the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time 'for the same offence.'" *Kurth Ranch,* 511 U.S. at ——, 114 S.Ct. at 1948, 128 L.Ed.2d at 782. Simply put, as Dressler says, "a state wishing to inflict postconviction punishment on a defendant must do so in a single proceeding. Otherwise, punishment following an initial conviction and sentencing is barred as double jeopardy."

The question boils down to whether the license revocation is punitive or remedial.

The State concedes Dressler was sanctioned in the criminal case *before* his license was revoked in a civil proceeding under section 321.209(8). But the State argues the subsequent revocation of Dressler's license is not subsequent punishment for possession of a controlled substance under section 124.401(3). The State strongly asserts that the underlying purpose of section 321.209(8) is remedial rather than punitive, designed solely for the safety of the public. For that reason, the State concludes, no double jeopardy violation occurred.

We think the question whether the revocation was punitive rather than remedial is controlled by our recent decision in *Hills v. Iowa Department of Transportation,* 534 N.W.2d 640 (Iowa 1995). In *Hills,* the defendant was arrested for operating a motor vehicle while intoxicated. After a search incident to arrest, the defendant was also charged with possession of marijuana. *See* Iowa Code § 124.401(3). Before the defendant's pretrial conference—at which the defendant intended to plead guilty to the possession charge—section 321.209(8) became effective. As a consequence, the IDOT revoked the defendant's license over her objection that to do so was an ex post facto application of section 321.209(8).

On judicial review of the IDOT's decision, the district court reversed. On appeal the IDOT argued that ex post facto protections did not apply to a revocation based on a controlled substance violation, because the revocation was a civil, rather than criminal, penalty. *See State v. Taggart,* 186 Iowa 247, 254, 172 N.W. 299, 301 (1919) (ex post facto protections apply only to penal and criminal actions, not civil actions). This is the same argument the State posits against Dressler's double jeopardy claim here.

In rejecting this argument in *Hills,* we said the answer turned on whether the legislative purpose underpinning the controlled substance revocation is promotion of highway safety. In concluding there was no direct connection between possession of controlled substances, driving, and public safety, we said that

[p]ersons who illegally possess drugs are of course subject to appropriate criminal punishment. But many such persons choose not to drive. When they do not, they do not affect highway safety. Any connection between drugs, driving, and public safety is at most indirect. *The amended statute authorizing this license revocation was aimed essentially at enhancing punishment for controlled substance possession.*

*Hills,* 534 N.W.2d at 642 (emphasis added).

Our conclusion in *Hills* that section 321.209(8) enhances punishment of a controlled substance possession dispenses with the State's assertion that this section is not a penal statute. Because section 321.209(8) twice punishes Dressler for the same offense—possession of a controlled substance—in a separate proceeding, we conclude it unconstitutionally contravenes Dressler's double jeopardy guarantees.

## V. *Disposition.*

We conclude that section 321.209(8) violates double jeopardy principles by twice

punishing Dressler for possession of a controlled substance in separate proceedings. We therefore reverse the district court's order denying Dressler's petition for a writ of certiorari. We remand to allow the district court to enter an order granting the writ.

**REVERSED AND REMANDED WITH DIRECTIONS.**