# IN THE SUPREME COURT OF IOWA

No. 23–0214

Submitted April 10, 2024—Filed May 3, 2024

**K.C.,** Minor Child,

    Plaintiff,

vs.

**IOWA DISTRICT COURT FOR POLK COUNTY,**

    Defendant.

---

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

The petitioner seeks review of a juvenile court order denying his motion for additional expert fees at the State's expense. **WRIT SUSTAINED AND CASE REMANDED WITH INSTRUCTIONS.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined.

Nickole Miller, Supervising Attorney, and Payton Kitterman (argued) and Taylor Thomas, law students, Drake Legal Clinic, Des Moines, for plaintiff.

Brenna Bird, Attorney General, and Zachary Miller (argued) and Mary Triick (until withdrawal), Assistant Attorneys General, for defendant.

Sharon Wegner and Rita Bettis Austen, ACLU of Iowa, Des Moines, for amicus curiae American Civil Liberties Union of Iowa Foundation, Inc.

Charles Isaacson, Assistant Public Defender, and Aubrey Kohl, law student, for amicus curiae Office of the State Public Defender.

Jami J. Hagemeier of Youth Law Center, Des Moines, and Marsha L. Levick of Juvenile Law Center, Philadelphia, PA, for amici curiae Juvenile Law Center, National Center for Youth Law, and Youth Law Center.

**CHRISTENSEN, Chief Justice.**

K.C. filed a petition for writ of certiorari challenging a juvenile court order denying his motion for additional expert witness fees at State expense. K.C. argues that the juvenile court acted illegally by not properly applying the law for determining whether the requested expert fees were reasonable and that the juvenile court's denial of K.C.'s amended motion for expert fees was not supported by substantial evidence. We agree that the juvenile court order was not supported by substantial evidence. Therefore, we sustain the writ.

## I. Background Facts and Proceedings.

A delinquency petition was filed against K.C. for two alleged serious misdemeanors: persons ineligible to carry dangerous weapons in violation of Iowa Code section 724.8B (2022) and possession of marijuana in violation of Iowa Code section 124.401(5). At the time the incident took place, K.C. was seventeen years old and the juvenile court had initial jurisdiction over K.C.'s case. Shortly after the incident took place, K.C. turned eighteen. The State subsequently filed a petition for waiver of the juvenile court's jurisdiction. A waiver hearing was set for the juvenile court to determine whether reasonable prospects existed for K.C.'s rehabilitation in the juvenile court system and whether waiver of jurisdiction served K.C. and the community's best interests.

In preparation for the waiver hearing, K.C. contacted a total of thirteen professionals with doctorate degrees in psychology who were experts in conducting evaluations for juvenile waiver cases. Three board-certified forensic psychologists responded to K.C.'s inquiries regarding their rates for juvenile waiver evaluations. They estimated total costs respectively of $7,990, $8,000, and $10,000 for their services. K.C. hired Dr. Tracy Thomas to conduct his evaluation. As a result, K.C. filed a motion for expert assistance at the State's expense, asking the juvenile court for $7,990 for Dr. Thomas to conduct an evaluation of K.C.,

write a report, and provide testimony at his waiver hearing. In support of his motion, K.C. provided the juvenile court with, among other things, an affidavit signed by Dr. Thomas that stated her hourly rate, the services she anticipated performing, and her total estimated cost for such services. The State did not file a resistance to K.C.'s request for expert assistance.

The juvenile court initially authorized fees for K.C.'s expert but stated it would issue a separate ruling as to the amount authorized. Over a month passed without receiving an authorization amount from the juvenile court. To timely prepare for the waiver hearing and comply with the administrative rules governing reimbursement, K.C. and Dr. Thomas proceeded with conducting the psychological examination after providing the juvenile court and the State with advanced notice of their intent to do so.

Sixty days after K.C. filed his motion for expert assistance and twenty-eight days before the waiver hearing, the juvenile court issued a ruling setting the limit for compensation of the expert witness at $4,590, which was $3,400 below K.C.'s requested amount. The juvenile court found $7,990 for Dr. Thomas's services to be unreasonable. Specifically, the juvenile court noted it was unreasonable to pay for Dr. Thomas's travel time because she could appear remotely at the hearing and Dr. Thomas did not need to drive to Des Moines for the evaluation when K.C. could drive to Ames to meet Dr. Thomas. The juvenile court further relied on the fact that there were minimal records for Dr. Thomas to review and that there was a lack of information provided regarding what tests Dr. Thomas was going to administer and score. The juvenile court did not provide any information as to how it determined $4,590 was a reasonable amount of expert fees.

K.C. then filed a motion for additional expert fees and requested authorization for expert assistance at an amount not to exceed $7,196.20. In support of his motion, K.C. submitted an invoice by Dr. Thomas that outlined the current

and future charges. The State did not file a resistance to K.C.'s motion. K.C. then filed the psychological waiver evaluation completed by Dr. Thomas. The waiver hearing was conducted over a period of two days, and Dr. Thomas participated remotely. At the conclusion of the hearing, the juvenile court granted the State's motion to waive jurisdiction.

The following day, K.C. filed an amended motion for additional expert fees and requested $7,791.20 for the actual expenses incurred by Dr. Thomas. The juvenile court denied K.C.'s motion. K.C. then filed a motion to reconsider, enlarge, or amend the court's order. The juvenile court again denied K.C.'s motion for the same reasons listed in its first order setting the expert fees filed on November 7, 2022, despite new information being provided to the juvenile court. K.C. filed a petition for a writ of certiorari claiming that the juvenile court acted illegally by not properly applying the law for determining whether the requested expert fees were reasonable and that the juvenile court's denial of K.C.'s amended motion for expert fees was not supported by substantial evidence. We granted certiorari.

## II. Standard of Review.

A writ of certiorari is appropriate when "a lower court 'has exceeded its jurisdiction or otherwise has acted illegally.' " *Wellmark, Inc. v. Iowa Dist. Ct.*, 890 N.W.2d 636, 642 (Iowa 2017) (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 747 N.W.2d 218, 220 (Iowa 2008)). "When the court's findings of fact are not supported by substantial evidence, or when the court has not applied the law properly, an illegality exists." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). Our review of certiorari actions is generally for correction of errors at law. *Dressler v. Iowa Dep't of Transp.*, 542 N.W.2d 563, 564–65 (Iowa 1996). However, to the extent a constitutional issue is involved, our review is de novo. *Id.*

We generally review a trial court's decision to deny or award fees for an abuse of discretion. *See Davis–Eisenhart Mktg. Co. v. Baysden*, 539 N.W.2d 140, 143 (Iowa 1995) (reviewing decision to deny attorney fees in an appraisal action for an abuse of discretion); *Pierce v. Nelson*, 509 N.W.2d 471, 473, 475 (Iowa 1993) (reviewing a district court's determination of the reasonableness of expert witness deposition fees for an abuse of discretion). An abuse of discretion occurs when a court's ruling is based on grounds that are unreasonable or untenable, *Giza v. BNSF Ry.*, 843 N.W.2d 713, 718 (Iowa 2014), "or when the record lacks substantial evidence to support the court's conclusion," *Pierce*, 509 N.W.2d at 473. "The grounds for a ruling are unreasonable or untenable when they are based on an erroneous application of the law." *Giza*, 843 N.W.2d at 718 (quoting *In re Tr. # T–1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013)). Under an abuse of discretion standard, "we will correct an erroneous application of the law." *Id.* (quoting *Rowedder v. Anderson*, 814 N.W.2d 585, 589 (Iowa 2012)).

## III. Analysis.

In Iowa, the costs incurred from representing an indigent juvenile in a juvenile court proceeding are to be paid by the State Public Defender. Iowa Code § 815.11. This includes reasonable compensation as determined by the court for expenses incurred by expert witnesses. *See* Iowa Code § 232.141(2)(*a*), (3)(*d*) ("Juvenile court expenses incurred by an attorney appointed by the court to serve as counsel," including "fees and mileage of witnesses," are to be "paid by the state from the appropriations to the indigent defense fund."); *id.* § 815.5 ("[R]easonable compensation as determined by the court shall be awarded . . . expert witnesses for an indigent person . . . ."); Iowa Admin. Code r. 493—12.7 ("The state public defender shall reimburse the attorney for the payments made by the attorney for necessary . . . experts . . . .").

How a juvenile court judge is to determine what "reasonable compensation" is for the use of an expert witness by an indigent juvenile in a juvenile delinquency proceeding has not been expressly outlined by statute or caselaw. K.C., and the State Public Defender as amicus curie, urge us to adopt the framework outlined in *Pierce v. Nelson*, where we provided several factors to use when determining the reasonableness of a fee for an expert witness's deposition testimony in a civil case. 509 N.W.2d at 474–75. There, we said that the following factors should be evaluated when determining whether an expert witness fee is reasonable under Iowa Rule of Civil Procedure 1.508 (then rule 125(*f*)):

> (1) the witness's area of expertise;
>
> (2) the education and training required to provide the expert insight which is sought;
>
> (3) the prevailing rates of other comparably respected available experts;
>
> (4) the nature, quality, and complexity of the discovery responses provided;
>
> (5) the fee actually being charged to the party who retained the expert;
>
> (6) fees traditionally charged by the expert on related matters; and
>
> (7) any other factor likely to be of assistance to the court in balancing the interests implicated by rule 26.

*Id.* at 474.

The State contends it is evident that the juvenile court abused its discretion, and therefore argues that we do not need to adopt a factored test to resolve the issue presented. We agree with the State. This is not to say that the factors outlined in *Pierce* cannot aid a juvenile court in discerning the reasonableness of an expert witness's fee. However, we decline to adopt them as the required

framework for the determination of what is reasonable compensation for an expert's fees in the context of a juvenile delinquency proceeding.

The juvenile court abused its discretion when it failed to authorize the requested fees for Dr. Thomas's services no matter the factors applied. In its November 7th order, the juvenile court set the limit for compensation of the expert witness at $4,590, which was $3,400 below K.C.'s requested amount. In support of its limitation of compensation for K.C.'s expert witness, the juvenile court stated it was unreasonable to compensate Dr. Thomas for drive time when she could appear remotely to testify and K.C. could drive to Ames for the in-person portion of the evaluation. The juvenile court further stated that the requested fee was unreasonable because there were minimal records to be reviewed and there was a lack of information provided as to what tests Dr. Thomas planned to administer and score.

In K.C.'s motion for additional expert fees, he provided the juvenile court with an updated detailed invoice from Dr. Thomas. The invoice outlined the services already rendered and the resulting fees, and the anticipated future services and fees, which included the types of tests to be conducted, that Dr. Thomas would provide virtual court testimony, and the mileage and time for the interview of K.C. in Des Moines. K.C. argued that it was necessary for Dr. Thomas to conduct the interview in Des Moines, rather than in Ames, as he was indigent and did not hold a driver's license; therefore, he could not drive himself to Dr. Thomas's office. K.C. further argued that the Des Moines location was a familiar space where he felt safe and comfortable, which is important "when applying a trauma-informed, child-centered lens to legal representation and interviewing." Finally, K.C. argued that there were a significant number of documents to review outside the open court filings, such as school records, medical records, and prior court records.

Before the juvenile court responded to K.C.'s motion for additional expert fees, Dr. Thomas submitted her evaluation report, and the waiver hearing was held. Dr. Thomas did in fact testify virtually, although the testimony spanned over two days due to scheduling conflicts with the juvenile court's docket. In her report, Dr. Thomas stated she reviewed records from two different juvenile cases, the Children & Families of Iowa assessment session report, the student period attendance detail from K.C.'s school, K.C.'s behavioral detail report from his school, a credit summary report, his individualized education plan, and his student positive attendance course summary from Academic Pathways. This was a significant number of records to review. The juvenile court noted in its order waiving jurisdiction that Dr. Thomas "completed a thorough review of records related to the child and psychological testing." Because Dr. Thomas's work was completed, K.C. filed an amended motion for additional expert fees requesting $7,791.20, which was the total amount of fees incurred for her work.

Despite the expert having addressed three of the four concerns listed in the juvenile court's first order, the juvenile court summarily denied K.C.'s motion for additional expert fees and stated that the prior ruling would stand for the reasons previously noted. This order was not supported by substantial evidence. Three of the juvenile court's reasons for not authorizing the full amount of Dr. Thomas's fees were no longer relevant. Dr. Thomas testified virtually, the types of tests to be performed were submitted to the court, and the tests actually performed were described in great detail during the waiver hearing. Further, Dr. Thomas explained all the records she reviewed both in her report and during the waiver hearing and her thorough review of the records was noted by the juvenile court in its order waiving jurisdiction. The juvenile court's only concern that was not completely resolved by K.C. was Dr. Thomas's fee for traveling to

Des Moines to conduct the in-person evaluation. However, this expense amounted to no more than $541.20 of the $7,791.20 requested.

After his motion requesting additional expert fees was denied, K.C. filed a final motion requesting the juvenile court reconsider, enlarge, or amend its order that set the limit for compensation of the expert witness at $4,590. K.C. explained how three of the four concerns of the juvenile court had been eliminated and again argued that it would not have been feasible for K.C. to have driven to Ames for the evaluation. K.C. specifically requested guidance from the juvenile court on how it determined $4,590 was reasonable compensation for Dr. Thomas's services. The juvenile court again summarily denied K.C.'s motion "for the same reasons previously noted." However, the juvenile court's prior reasons for finding the requested fee to be unreasonable were no longer relevant. Yet, the juvenile court failed to offer legal or evidentiary support or any explanation for why it declined to increase the fee award or to reconsider its denial. Therefore, the juvenile court's order is not supported by substantial evidence.

Additionally, the juvenile court relied on *Hulse v. Wilfavt*, where we said a "district court must exercise independent judgment in determining the extent of reasonably necessary services," to support its limitation of the fees authorized. 306 N.W.2d 707, 710 (Iowa 1981) (en banc). However, we also said in *Hulse* that reasonable compensation for court-appointed lawyers is "full compensation," and that "[n]o discount is now required based on an attorney's duty to represent the poor." *Id.* at 711. Under that same reasoning here, reasonable compensation for the expert witness would have been the full $7,791.20 incurred by Dr. Thomas in preparation for the waiver hearing. As in *Hulse*, that is not to say that any requested amount of fees would be reasonable under all circumstances. *See id.* at 711–12 ("In reaching this conclusion, we do not minimize an attorney's

ethical obligation to make financial sacrifices in representing the poor.") However, K.C. had entirely resolved three of the four initial concerns of the juvenile court and had made a rational, persuasive argument for why the fourth concern was not a valid reason to withhold the requested fee. Without some further explanation by the juvenile court as to why the requested fee was withheld after its initial concerns had been addressed, the award for reasonable compensation should have been the full $7,791.20. Thus, the juvenile court's reasoning was based on an erroneous application of law, and it thereby abused its discretion.

Under the doctrine of constitutional avoidance, we aim to construe statutes to avoid constitutional issues when possible. *State v. Dahl*, 874 N.W.2d 348, 351 (Iowa 2016). Because we found the juvenile court abused its discretion in not awarding the full amount of requested fees, we decline to address K.C.'s constitutional arguments. Such decision "is consistent with our general preference for avoiding constitutional adjudication where possible." *State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 85 (Iowa 2014).

**IV. Conclusion.**

For the foregoing reasons, we sustain the writ of certiorari, vacate the juvenile court's orders denying K.C.'s requests for additional expert fees, and remand this matter for entry of an order authorizing the full $7,791.20 in expert fees for Dr. Thomas's work.

**WRIT SUSTAINED AND CASE REMANDED WITH INSTRUCTIONS.**