**STATE PUBLIC DEFENDER,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR
BLACK HAWK COUNTY,**
Defendant.

No. 98–2054.

Supreme Court of Iowa.

Sept. 6, 2001.

Thomas G. Becker, State Public Defender, and Mark C. Smith, First Assistant State Public Defender, for plaintiff.

Kellyann M. Lekar of Roberts, Stevens & Lekar, P.L.C., Waterloo, for defendant.

LAVORATO, Chief Justice.

In this original certiorari proceeding, the state public defender's office (state public defender) challenges a district court order directing it to send its records concerning a juvenile to the clerk of court for sealing pursuant to Iowa Code section 232.150 (Supp.1997). We sustain the writ we earlier granted.

## I. Background Facts and Proceedings.

On October 2, 1998, a juvenile filed an application in district court for an order sealing records pursuant to Iowa Code section 232.150. Following a hearing on the application, the district court granted the order. The district court ordered a number of agencies, including the state public defender, "to send all records concerning the juvenile ... to the clerk of court where the records shall be sealed pursuant to section 232.150." The court further ordered the agencies to "expunge and delete any index references to the records." Although the application listed Lon Britt, an assistant public defender who had represented the juvenile, as possi-

bly having custody of some or all of the records, neither he nor the state public defender were given notice of the hearing.

On November 16, the state public defender filed a petition for writ of certiorari with this court, alleging that it had not received notice of hearing on the juvenile's application. The petition further alleged that the district court (1) lacked authority to enter the order directing the state public defender to turn over its records, and (2) in entering the order acted illegally and in excess of its authority. We granted the writ.

Meanwhile, on March 11, 1999, the state public defender filed a motion in the district court, requesting the court to excuse it from complying with the sealing order. In its motion, the state public defender alleged that (1) it had not been given notice of the juvenile's application; (2) it is not a custodian of records for the juvenile court and is not a criminal justice agency or a juvenile justice agency, and thus is exempt from the provisions of Iowa Code section 232.150; and (3) the file of the juvenile's attorney should not be surrendered because "[t]he right of a juvenile to have the contents of his or her attorney's files kept secret is fully protected by the attorney's absolute obligation to keep those files confidential and inviolate."

The county attorney resisted the motion, arguing that the district court lacked jurisdiction to consider the motion because of the petition for writ of certiorari pending in our court. The state public defender filed a motion for limited remand for a ruling on the pending motion in the district court. We granted the limited remand.

Following a hearing on the motion, the district court entered an order on June 8. The court determined that it had erred when it entered the sealing order because no notice had been given to the state public defender. However, the court ruled that the subsequent hearing on the state public defender's motion cured any defect and affirmed its earlier sealing order. The case is now before us following the limited remand.

## II. Scope of Review.

We recently summarized the scope of review for original certiorari actions in this court:

The supreme court has "constitutional powers to issue writs to, and exercise supervisory and administrative control over, other judicial tribunals." *State v. Davis*, 493 N.W.2d 820, 822 (Iowa 1992). Our rules of appellate procedure contemplate original certiorari proceedings at the appellate level by providing for the filing in our court of a "petition for writ of certiorari directed to the district court." Iowa R.App. P. 301; *see also* Iowa R.App. P. 22(a) (authorizing supreme court to issue writs in furtherance of its "supervisory and administrative control over all inferior judicial tribunals and officers"). Such a petition may be granted or denied. *See* Iowa R.App. P. 302 (stating that petition may be "ruled on in the manner prescribed in the Rules of Appellate Procedure relating to motions"); Iowa R.App. P. 22(f) (giving single justice authority to grant or deny relief sought by motion).

*Bousman v. Iowa Dist. Ct.*, 630 N.W.2d 789, 794 (Iowa 2001).

In this original certiorari action, the state public defender is the plaintiff, and the district court is the named or nominal defendant. *See* Iowa R.App. P. 303. Private counsel now represents the juvenile, whose interests the State essentially represented in the district court. The juvenile is the underlying defendant in this action.

■ A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise has acted illegally. *State Public Defender v. Iowa Dist. Ct.*, 594 N.W.2d 34, 36 (Iowa 1999). For this reason, this court "may examine only the jurisdiction of the district court and the legality of its actions." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* Our review of the district court's action is therefore for correction of errors of law. *See* Iowa R.App. P. 4; *French v. Iowa Dist. Ct.*, 546 N.W.2d 911, 913 (Iowa 1996).

### III. Did the District Court Err in Ordering Records Held by the State Public Defender be Sealed?

Iowa Code section 232.150 provides in relevant part:

1. Upon application of a person who was taken into custody for a delinquent act or was the subject of a complaint alleging delinquency or was the subject of a delinquency petition, or upon the court's own motion, the court, after hearing, shall order the records in the case *including those specified in sections 232.147 and 232.149 sealed.* . . .

2. Reasonable notice of the hearing shall be given to the person who is the subject of the records named in the motion, the county attorney, and the agencies having custody of the records named in the application or motion.

3. Notice and copies of a sealing order shall be sent to each agency or person having custody [of] the records named therein.

4. On entry of a sealing order:

*a. All agencies and persons having custody of records which are named*

*therein shall send such records to the court issuing the order.*

*b.* All index references to sealed records shall be deleted.

5. The sealed records shall no longer be deemed to exist as a matter of law, and the juvenile court and any other agency or person who received notice and a copy of the sealing order shall reply to an inquiry that no such records exist, except when such reply is made to an inquiry pursuant to subsection 6.

6. Inspection of sealed records and disclosure of their contents thereafter may be permitted only pursuant to an order of the court upon application of the person who is the subject of such records except that the court in its discretion may permit reports to be inspected by or their contents to be disclosed for research purposes to a person conducting a bona fide research under whatever conditions the court deems proper.

Iowa Code § 232.150 (emphasis added).

■ The dispute here is whether the state public defender falls within the provisions of subsection 4 as "agencies and persons having custody of records." We think, for reasons that follow, section 232.150(4) was not meant to include the state public defender.

Iowa Code section 232.2(38) defines "official juvenile court records" or "official records" to mean

official records of the *court* of proceedings over which the court has jurisdiction under this chapter which includes but is not limited to the following:

*a.* The docket of the court and entries therein.

*b.* Complaints, petitions, other pleadings, motions, and applications with a court.

*c.* Any summons, notice, subpoena, or other process and proofs of publication.

*d.* Transcripts of proceedings before the court.

*e.* Findings, judgments, decrees and orders of the court.

Iowa Code § 232.2(38) (emphasis added).

Chapter 232 is very specific about what records are subject to sealing under section 232.150. For example, Iowa Code section 232.147(2) provides that *"[o]fficial juvenile court records in cases alleging delinquency ... shall be public records, subject to sealing under section 232.150."* Iowa Code § 232.147(2) (emphasis added). And Iowa Code section 232.149(2) provides that *"[r]ecords and files of a criminal or juvenile justice agency concerning a child involved in a delinquent act are public records ... subject to sealing under section 232.150,* unless the juvenile court waives its jurisdiction over the child so that the child may be prosecuted as an adult for a public offense." Iowa Code § 232.149(2) (emphasis added).

■ When we consider sections 232.2(38), .147(2), .149(2), and .150 together, we are confident the legislature meant to subject to sealing only (1) official records of the *court* in cases alleging delinquency concerning a juvenile and (2) records and files of a *criminal* or *juvenile justice agency* concerning a juvenile involved in a delinquent act. *See McCracken v. Iowa Dep't of Human Servs.*, 595 N.W.2d 779, 784 (Iowa 1999) ("In determining legislative intent ... we consider and construe all parts of a statute together."). The state public defender is neither the custodian of official court records concerning the juvenile nor is it a criminal or juvenile justice agency having records and files of a juvenile. The district court erred in concluding otherwise.

We reach this conclusion even though the language of the statute seems to include, for sealing purposes, records other than those specified in sections 232.147 and 232.149. *See* Iowa Code § 232.150(1) ("[T]he court, after hearing, shall order the records in the case *including* those specified in sections 232.147 and 232.149 sealed...." (Emphasis added.)).

The term "including" usually is interpreted as a term of enlargement or illustration, having the meaning of "and" or "in addition to." 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.07 (6th ed. rev.2000); *Black's Law Dictionary* 763 (6th ed.1990). However, it may also be interpreted as a term of limitation depending on the context in which the term is used, the subject matter, and legislative intent. *Union Elec. Co. v. Cuivre River Elec. Coop., Inc.*, 571 S.W.2d 790, 794 (Mo. Ct.App.1978); *Premier Prods. Co. v. Cameron*, 240 Or. 123, 124, 400 P.2d 227, 228 (1965) (en banc); *Penn Dairies v. Milk Control Comm'n*, 344 Pa. 635, 635, 26 A.2d 431, 433 (1942); *Black's Law Dictionary* 763. Thus, for example, where a general term is followed by the word "including," which is itself followed by specific terms, the intent may be one of limitation. *See Hamilton v. City of Urbandale*, 291 N.W.2d 15, 19 (Iowa 1980) (holding that phrase "[t]he rehabilitation and improvement of parks already owned, including the removal, replacement and planting of trees thereon" did not contemplate activities such as construction of a $250,000 athletic complex); *see also Powers ex rel. Doyon v. Charron*, 86 R.I. 411, 415, 135 A.2d 829, 832–33 (1957).

We have also said that "[w]hen the statutory language is ambiguous, the manifest intent of the legislature is sought and will prevail over the literal import of the words used." *State v. McSorley*, 549 N.W.2d 807, 809 (Iowa 1996).

Although Iowa Code section 232.150(1) is not a model of clarity, other provisions of chapter 232 make clear, as we have pointed out, that the state public defender is not one of the entities subject to the sealing order. In reading the whole of chapter 232, we conclude that in using the word "including," the legislature did not intend to override the intent of these other provisions, but rather intended to limit the reach of section 232.150(1).

The invasion of any attorney's file regarding a client is so contrary to the principles of an attorney-client relationship that public policy demands and supports the conclusion we have reached. We cannot imagine that the legislature would have intended a contrary result.

### IV. Disposition.

Because we conclude the district court erred in determining that Iowa Code section 232.150(4) includes the state public defender, we sustain the writ.

**WRIT SUSTAINED.**

SNELL, S.J.* participates in lieu of STREIT, J., who takes no part.

* Senior Judge assigned by order pursuant to       Iowa Code section 602.9206 (2001)