# IN THE SUPREME COURT OF IOWA

No. 120 / 05–1145

Filed April 11, 2008

**STATE PUBLIC DEFENDER**,

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR PLYMOUTH COUNTY**,

Defendant.

Certiorari to the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

State public defender claims district court acted illegally in ordering payment of fee claim of attorney appointed for father in child-in-need-of-assistance cases. **WRIT SUSTAINED.**

Thomas G. Becker, State Public Defender, and Julie A. Miller, Assistant State Public Defender, for plaintiff.

**CADY, Justice.**

In this certiorari action, we review a district court order that directs the State Public Defender to pay from the indigent defense fund a fee claim submitted by an attorney for services rendered in a child-in-need-of-assistance proceeding. We conclude the decision of the district court is not supported by substantial evidence. We sustain the writ of certiorari.

## I. Background Facts and Proceedings.

David Nicks is a member of the Iowa National Guard. He was deployed to Afghanistan in 2004. At the time of his deployment, he was separated from his wife, and a dissolution-of-marriage action was pending. The Nickses have two children, Madison and K.C.

While Nicks was serving in Afghanistan, the state filed a child-in-need-of-assistance proceeding in Plymouth County District Court concerning Madison and K.C. Nicks was notified of the proceedings and filed a form affidavit and application for appointment of counsel to represent him in the proceedings. The information to support the affidavit and application was supplied by Nicks through a telephone conversation with court staff who completed the form on behalf of Nicks. The affidavit and application indicated Nicks had annual income of $36,000. His monthly debt was limited to a $400 mortgage payment, and he listed a 1988 Oldsmobile vehicle as an asset. The form was not signed by Nicks.

Based on the affidavit and application, the district court entered an order on February 16, 2005, finding Nicks was eligible for court-appointed counsel and further finding that the failure to appoint counsel "would constitute substantial hardship, considering income, assets, and the nature of the proceedings." The district court order indicated Nicks

was "in [the] military in Afghanistan." Attorney Scott Bixenman from LeMars was appointed to represent Nicks.

Bixenman performed legal services for Nicks relating to the CINA proceedings during the period from February 24, 2005, to March 1, 2005, and submitted a claim for fees of $125 to the office of the State Public Defender. The State Public Defender denied payment of fees from the indigent defense fund because: (1) Nicks did not sign the application, and (2) Nicks did not qualify as an indigent person based on his level of income because the payment of the attorney fees would not result in a substantial hardship to him.

Bixenman filed a motion for review of the decision of the State Public Defender with the district court. Following a hearing, the district court ordered payment of the claim. It found: (1) good cause to appoint Bixenman, and (2) Nicks was indigent under the guidelines applicable for a family of four and needed counsel based on the nature of the proceedings and his military status.

The State Public Defender filed a petition for writ of certiorari. We granted the petition and now consider the writ.

## II. Standard of Review.

"A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise has acted illegally." *State Pub. Defender v. Iowa Dist. Ct. for Black Hawk County*, 633 N.W.2d 280, 282 (Iowa 2001). Therefore, our review in an original certiorari action is for correction of errors at law. *Id.* We examine the jurisdiction of the lower tribunal and the legality of its actions. *Id.* "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998).

### III.  Payment of Attorney-Fee Claim.

The district court is authorized to appoint an attorney to represent an indigent person in a multitude of proceedings, including juvenile proceedings.  *See* Iowa Code § 815.10 (2005).  An indigent person is defined under section 815.9.  The costs incurred by court-appointed attorneys for indigent persons in juvenile cases are then payable by the State Public Defender from the indigent defense fund.  *Id.* § 815.11.  The State Public Defender's Office is charged with the administration of the indigent defense fund and the payment of legal fees incurred in juvenile proceedings on behalf of indigent persons.  *See id.* § 815.10A.

Under section 815.9, a person with an income at or below 125% of the poverty level is entitled to a court-appointed attorney unless the court makes a finding the person is able to pay for the cost of an attorney.  *Id.* § 815.9(*a*).  A person with an income between 125% and 200% of the poverty level is not entitled to an attorney unless "the court makes a written finding that not appointing counsel on the pending case would cause the person substantial hardship."  *Id.* § 815.9(*b*).

To determine the poverty line, section 815.9 refers to the poverty income guidelines published by the United States Department of Health and Human Services.  Under those guidelines, the poverty level is determined with reference to family size and gross income.

The district court found Nicks was a member of a family of four and would qualify as indigent under the poverty guidelines.  The State Public Defender asserts Nicks was not a member of a family of four since he was separated from his wife, and even if he was a member of a family

of four, he would not suffer a substantial hardship if required to pay for an attorney.[1]

Under the guidelines for a family of four, $36,000 is greater than 125% of the poverty line but less than 200% of the poverty line. A person at this level of income is only entitled to court-appointed counsel under section 815.9—i.e., is only indigent—if the person would suffer substantial hardship if counsel were not appointed. Thus, even if we assume substantial evidence supports the district court's finding that Nicks was a member of a family of four,[2] substantial evidence must also exist in the record to support the district court's finding that Nicks would suffer substantial hardship if counsel was not appointed.

In determining whether a person would suffer substantial hardship for purposes of section 815.9, the district court must consider the person's income, any assets subject to execution, and "the seriousness of the charge or the nature of the case." *Id.* § 815.9. This standard reflects a pragmatic approach and requires courts to balance financial factors with the nature of the legal proceedings to determine if a substantial hardship will result if counsel is not appointed at public expense.

The district court relied on Nicks' military status and his status as a member of a family of four, together with the nature of the proceedings, to find a substantial hardship would result if he was required to pay the attorney fees. While Nicks' deployment to Afghanistan creates an array

---

[1]The State Public Defender also argues the application for appointment of counsel and accompanying affidavit were not signed by Nicks under penalty of perjury, as required by Iowa Code section 815.9(2). It is unnecessary to address this issue based on our resolution of the question of indigency.

[2]While we refrain from addressing this question, we do note only one reference to Nicks' family size appeared in the record before the trial court at the time of the June 14, 2005 review of the State Public Defender's action denying the attorney-fee claim. In his application for appointment of counsel, Nicks reported he did not live with his spouse or children.

of hardships and sacrifices, the income derived from military service in a combat zone is not reduced by taxation. *See* 26 U.S.C. § 112. Additionally, his affidavit and application reveals he incurs no expenses while in Afghanistan other than a monthly mortgage payment. There is no indication he pays any form of support to his family. Thus, military status and size of family identified by the district court as circumstances to support its decision do not demonstrate Nicks will suffer substantial hardship if required to pay for the attorney fees incurred in this case.

We also observe there is no evidence that the CINA proceeding will be prolonged or complex so that the amount of legal services ultimately needed in the case will be substantial. The fee claim of $125 submitted by Bixenman reveals an adjudicative hearing has been held and a dispositional hearing has been scheduled. The dispositional hearing could conclude the legal representation, which would minimize the total legal services. We also observe that the maximum attorney fee for CINA proceedings is ordinarily set at $1100.[3] Iowa Admin. Code r. 493—12.6.

On our review of the record, we find no substantial evidence to support the decision of the district court that the failure to appoint counsel for Nicks would cause him substantial hardship. Consequently, the costs incurred by his court-appointed counsel are not payable from the indigent defense fund. *See generally State Pub. Defender v. Iowa Dist. Ct. for Polk County*, 721 N.W.2d 570, 574 (Iowa 2006) (discussing the statutory mechanism to submit a claim to be paid from the general fund).

---

[3]The State Public Defender is charged with establishing fee limitations for court-appointed attorneys. Iowa Code § 13B.4(4)(*a*). However, a court-appointed attorney is entitled to reasonable compensation, *id.* § 815.7, and the fee limitations can be exceeded in certain circumstances, *id.* § 815.10A.

**IV. Conclusion.**

The district court acted illegally by ordering the State Public Defender to pay the attorney-fee claim. We sustain the writ.

**WRIT SUSTAINED.**