# IN THE SUPREME COURT OF IOWA

No. 15–0848

Filed October 21, 2016

Amended December 30, 2016

**STATE PUBLIC DEFENDER,**

Plaintiff,

vs.

**IOWA DISTRICT COURT,**

Defendant.

---

Certiorari to the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

The state public defender challenges a district court order taxing court and travel costs against the state public defender for withdrawing from the representation of a child prior to a detention hearing without taking steps to secure alternative representation for the child. **WRIT SUSTAINED.**

Adam C. Gregg, State Public Defender, for plaintiff.

No appearance for defendant.

**HECHT, Justice.**

The Iowa District Court for Story County assessed court and travel costs against the state public defender in a juvenile detention proceeding because it concluded the local defender improperly refused to represent the juvenile in the proceeding. The state public defender brought this certiorari action pursuant to Iowa Rule of Appellate Procedure 6.107(1). We must determine whether the district court exceeded its jurisdiction or otherwise acted illegally in taxing the costs against the state public defender. We conclude the district court erred and sustain the writ.

## I. Background Facts and Proceedings.

Around 9:00 a.m. on April 7, 2015, the district court issued an order appointing the local public defender of Nevada, Iowa, to represent S.J., a juvenile who had been detained the night before on a burglary charge in Story County.[1] At 10:07 a.m., the public defender filed a motion to withdraw from representing S.J., citing concurrent conflicts of interest between S.J. and other clients.

At 2:20 p.m. on the same day, the court held a hearing in Marshalltown on S.J.'s detention and the local public defender's motion to withdraw. After counsel for the state made his opening statement, Katherine Flickinger, an attorney with the local public defender's office, informed the court that S.J.'s interests were directly adverse to the interests of three of the local public defender's other current clients.[2] Flickinger argued she was ethically bound to withdraw from representing S.J. because of the concurrent conflicts of interest. *See* Iowa R. Prof'l

---

[1]The order also scheduled a detention hearing to be held at 2:00 p.m. that afternoon in Marshalltown.

[2]Two of the other current clients were potential witnesses against S.J. while the third was a codefendant.

Conduct 32:1.7(a)(1)–(2) (providing that except in specific circumstances, an attorney "shall not represent a client if the representation involves a concurrent conflict of interest"). Following a brief colloquy between the court and Flickinger about the public defender's policies and procedures on handling withdrawals in such circumstances, the court took the motion to withdraw under advisement and continued questioning Flickinger:

> Q. Ms. Flickinger, what's [S.J.]'s position today? A. Well, Your Honor, I cannot take a position on [S.J.]'s behalf because I cannot represent [S.J].
>
> Q. Okay. So the child is here today without an attorney. Is that essentially the public defender's position? A. Your Honor, it's our position that we just cannot represent [S.J.] underneath the rules. It's a "shall not" provision in the ethical rules, so we would ask that we be withdrawn and [S.J.] be appointed an attorney that can represent [S.J].

After briefly consulting with others in the courtroom about an appropriate placement, the court ordered S.J.'s transfer from detention to shelter care and closed the hearing.

Less than two hours after the hearing, the court entered orders withdrawing the local public defender's appointment and appointing new conflict-free counsel for S.J.[3]

Ten days later, the court issued an order concluding that although the local public defender avoided conflicts of interest in the case by withdrawing, she took "absolutely no action to mitigate the consequences to [S.J.] in its effort to withdraw." In particular, the court found no evidence that the local public defender sought competent conflict-free counsel to represent S.J. prior to the April 7 hearing despite having

---

[3]The order of April 7 withdrawing the public defender's appointment stated a "ruling on the . . . motion to withdraw will be forthcoming."

resources to do so at its immediate disposal. The court further found the local public defender ignored her ethical duty prior to the hearing to "take all reasonable steps to mitigate the consequences [of withdrawal] to [S.J.]," *see* Iowa R. Prof'l Conduct 32:1.16 cmt. [9], and determined the state public defender failed to meet his statutory duty to "coordinate the provision of legal representation" in this juvenile proceeding as required by Iowa Code section 13B.4(1).[4] The court further concluded the local public defender's failure to comply with these ethical and statutory directives wasted the time of those involved in S.J.'s April 7 detention hearing. For these reasons, the court taxed to the state public defender the court costs related to the April 7, 2015 hearing. The court's order also taxed "the costs associated with travel for the public defender, the county attorney, and the Ames police officer appearing in [the April 7] proceedings . . . ."

On May 15, the state public defender filed a petition for writ of certiorari in this court, claiming the district court acted illegally when it taxed the court and travel costs against the state public defender. We granted certiorari on July 24, 2015.

**II. Standard of Review.**

In a certiorari case, we review a district court's ruling for correction of errors at law. *State Pub. Def. v. Iowa Dist. Ct. for Plymouth Cty.*, 747 N.W.2d 218, 220 (Iowa 2008). When reviewing for correction of errors at law, we are bound by "the district court's well-supported factual findings" but not its legal conclusions. *State Pub. Def. v. Iowa Dist. Ct. for Clarke*

---

[4]Following the April 7 detention hearing, the court made three telephone calls seeking replacement counsel for S.J. from a list of attorneys with whom the state public defender contracts for court appointments in juvenile court matters. The court's April 17 order concluded the state public defender, acting through a local designee, should have used his resources to identify conflict-free counsel for S.J. before the April 7 hearing.

*Cty.*, 745 N.W.2d 738, 739 (Iowa 2008) (quoting *State Pub. Def. v. Iowa Dist. Ct. for Johnson Cty.*, 663 N.W.2d 413, 415 (Iowa 2003)).

"A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise has acted illegally." *State Pub. Def.*, 747 N.W.2d at 220 (quoting *State Pub. Def. v. Iowa Dist. Ct. for Black Hawk Cty.*, 633 N.W.2d 280, 282 (Iowa 2001)). "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* (quoting *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998)).

### III.  Analysis.

As a general rule, court costs "are taxable only to the extent provided by statute." *City of Cedar Rapids v. Linn County*, 267 N.W.2d 673, 673 (Iowa 1978); *see also City of Des Moines v. State ex rel. Clerk of Ct.*, 449 N.W.2d 363, 364 (Iowa 1989). Absent statutory authority, a court lacks authority to tax costs against a party. *Woodbury County v. Anderson*, 164 N.W.2d 129, 133 (Iowa 1969). The Iowa General Assembly has prescribed a detailed scheme for the payment of costs and expenses in juvenile proceedings. The statutes provide that "[a] county shall pay the costs incurred in connection with the administration of juvenile justice under section 232.141." Iowa Code § 602.1303(5) (2015). Section 232.141 allocates the cost of juvenile proceedings to the county in which they are held; however, that county "may recover the costs and expenses from the county where the child has legal settlement." *Id.* § 232.141(2)–(3), (7). Notably, the legislature did not authorize courts to tax court costs or travel expenses of witnesses, parties, or their counsel to attorneys representing parties in juvenile proceedings. Finding no statutory authority for taxing such costs or expenses to the state public

defender, we conclude the district court erred in its application of the law to the facts before it.

Neither can the district court's taxation of court costs and travel expenses under the circumstances of this case be sustained if viewed as a sanction for the local public defender's conduct in moving to withdraw as S.J.'s counsel and declining to represent her at the April 7 hearing. The April 17 order taxing costs purported to sanction a nonparty—the state public defender—for the local public defender's withdrawal. It imposed this sanction without prior notice and without giving the state public defender an opportunity to be heard, in violation of due process. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865, 873 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Although the general rule under the Iowa Rules of Professional Conduct is that appointed counsel may not withdraw from representation without permission from the appointing authority, *see* Iowa R. Prof'l Conduct 32:1.16(c) & cmt. [3], the general assembly has expressly prescribed the duty of local public defenders confronting conflicts of interest: "If a conflict of interest arises . . . , the local public defender shall return the case to the court." Iowa Code § 13B.9(4)(*a*). The record reveals the local public defender complied with this statutory directive by notifying the court of the concurrent conflicts of interest approximately one hour after the appointment and by appearing at the hearing upon short notice to answer the court's questions. The district court's order entered shortly after the April 7 hearing withdrew the

appointment, implicitly acknowledging the existence of the local public defender's concurrent conflicts.

The district court nonetheless concluded in its April 17 order that the local public defender breached a statutory duty in failing to identify and arrange for conflict-free substitute counsel to represent S.J. at the April 7 hearing. *See id.* § 13B.4(1) ("The state public defender shall coordinate the provision of legal representation of all indigents . . . in juvenile proceedings . . . ."). Although we understand the district court's sense of urgency in securing counsel for S.J. under the tight time constraints established for holding juvenile detention hearings,[5] we find no evidence in the record supporting a finding that either the state public defender or the local public defender breached a statutory duty under the circumstances of this case.

Iowa Code section 13B.9(4)(*a*) prescribes the procedure for appointing substitute counsel when a local public defender "return[s] the case to the court" because of a conflict of interest:

> If the case is returned and the state public defender has filed a successor designation, the court shall appoint the successor designee. If there is no successor designee on file, the court shall make the appointment pursuant to section 815.10. As used in this subsection, "*successor designee*" may include another local public defender office, or a nonprofit organization or a person admitted to practice law in this state that has contracted with the state public defender under section 13B.4, subsection 3.

---

[5]The urgency under the circumstances of this case arose from the applicable statutory framework allowing twenty-four weekday hours from the time at which a child is taken into custody to hold a detention hearing; otherwise, the child must be released. Iowa Code §§ 232.22(4), .44(1). In this case, the court stated in its April 17 order that it received notice of S.J.'s alleged involvement in criminal activity around 10:30 p.m. on April 6, 2015, and the court gave verbal permission for the detention at that time. As noted above, the court promptly issued its written order at 9:04 a.m. the next morning, appointing the local public defender and scheduling a hearing for 2:00 p.m. that day because of the twenty-four hour limit for conducting a detention hearing.

*Id.* § 13B.9(4)(*a*). We conclude the plain language of the statute allocated to the court—not the public defender—the responsibility of selecting and appointing a successor counsel for S.J. *See id.*

The record reveals the state public defender had provided the district court a list of private contract attorneys from which to choose a replacement for the local public defender in this case. In light of the statute's unequivocal directives and the state public defender's provision of a list of contract attorneys, the district court's finding that the local public defender disregarded its statutory duty to ensure the representation of S.J. is not supported by the statutory framework or by substantial evidence in the record.

We now turn to the district court's conclusion in the April 17 order that the public defender breached an ethical duty to mitigate S.J.'s damages arising from withdrawal. Although the court acknowledged the principle that "[t]he lawyer's statement that professional considerations require termination . . . ordinarily should be accepted as [a] sufficient [ground for withdrawal]," *see* Iowa R. Prof'l Conduct 32:1.16 cmt. [3], it reasoned that S.J.'s strong constitutional right to counsel augured in favor of permitting representation by the local public defender at the April 7 hearing, especially because "[d]etention hearings are not hearings on the merits."

The district court correctly recognized that S.J.'s right to counsel is well-established. Since the 1960s, Iowa courts have recognized that children have the right to counsel in delinquency proceedings. *See In re Henderson,* 199 N.W.2d 111, 115 (Iowa 1972) (noting counsel was appointed under a provision of the 1966 Iowa Code); *see also In re Gault,* 387 U.S. 1, 35–37, 87 S. Ct. 1428, 1448, 18 L. Ed. 2d 527, 550–51 (1967) (recognizing a child's right to counsel under the Sixth Amendment

of the United States Constitution). Children in detention hearings are entitled to this representation regardless of their parents' ability to pay. Iowa Code § 232.11(1)(*b*), (3) (2015). Importantly, S.J. is guaranteed the right to *conflict-free* counsel. *See State v. Smitherman,* 733 N.W.2d 341, 349 (Iowa 2007) ("The Sixth Amendment guarantees the right to conflict-free counsel . . . .").

When appointed to represent a client in a juvenile proceeding, a local public defender must continue to represent that person "unless other counsel is appointed to the case." Iowa Code § 13B.9(1)(*b*). However, appointed counsel's obligation to continue the representation must be viewed in conjunction with his or her duty to avoid conflicts of interest. *See id.* § 13B.9(4)(*a*) ("If a conflict of interest arises . . . the local public defender shall return the case to the court."); *see also id.* § 13B.9(4)(*b*) ("If a conflict of interest arises in any case, [the local public defender's duty under section 13B.9(1) to represent an indigent party in delinquency proceedings pursuant to chapter 232] does not affect the local public defender's obligation to withdraw as counsel or as guardian ad litem."); Iowa R. Prof'l Conduct 32:1.7(a) ("Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."). These statutory and ethical rules clearly establish the local public defender had a statutory and ethical duty to withdraw due to its conflicts of interest in this case. In furtherance of its statutory and ethical duties, the local public defender promptly filed a motion to withdraw notifying the court of the concurrent conflicts and appeared at the April 7 hearing to answer the court's questions pertaining to the grounds for withdrawal. We conclude the district court erred in concluding the local public defender violated an ethical duty when she declined to represent S.J. at the April 7 detention

hearing and failed to expedite the district court's selection and appointment of successor designee for S.J.

**IV. Conclusion.**

We conclude the district court made an error of law and exceeded its authority in determining the state public defender or the local public defender violated either statutory or ethical duties under the circumstances of this case. Accordingly, we sustain the writ and vacate the district court's April 17 order taxing court costs and travel expenses to the state public defender. The state public defender complied with its statutory and ethical duties to avoid conflicts of interest. The district court therefore exceeded its lawful authority when it assessed court and travel costs against the state public defender for refusing to represent the child-in-interest at the detention hearing.

**WRIT SUSTAINED.**