# IN THE COURT OF APPEALS OF IOWA

No. 22-0863
Filed December 6, 2023


**MICKAEL CLEMANN,**
        Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**
        Defendant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.


        A criminal defendant petitions for a writ of certiorari to review his simple-misdemeanor conviction. **WRIT ANNULLED.**


        Matthew Paulson of Paulson, Vandersnick & Bradfield Law, Rock Island, Illinois, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

In this case we are asked to decide a certiorari question prompted by an unlikely chain of procedural events: When a criminal defendant is tried by jury for an indictable offense, and the court enters judgment of acquittal on the greater offense but not a lesser-included simple misdemeanor, is the defendant entitled to adjudication by a different jury or a magistrate? We find that, on the peculiar facts of this record, we need not answer whether the defendant was entitled to a simple-misdemeanor jury trial. And we annul the writ of certiorari because the district judge did not act illegally when adjudicating the simple misdemeanor.

## I.       Background Facts and Proceedings

The State charged Mickael Clemann with assault with intent to commit sexual abuse, an aggravated misdemeanor in violation of Iowa Code section 709.11(3) (2017), for molesting his fifteen-year-old niece E.F. In 2019, E.F. dozed off at Clemann's house while watching a movie and awoke to fingers touching the skin of her left breast. E.F. started "freaking out" and the hand groping her pulled away. E.F. "started to sit up" and saw Clemann sitting next to her. After this, Clemann continued to stroke E.F.'s hair and hold her hand. E.F. "was scared to death to move" and was afraid Clemann would touch her again.

E.F. disclosed the assault to her sister and her mother the night it happened. E.F.'s mother immediately drove to get her from Clemann's house. After E.F.'s mother confronted Clemann, he asked his wife for forgiveness. In a police interview, Clemann admitted touching E.F.'s upper-left chest area but claimed it was not intentional.

After the close of the State's evidence at trial, the district court denied Clemann's motion for judgment of acquittal, finding the State had generated a fact question on all elements of the offense. The only evidence put on by Clemann was testimony from his teenage son, who indicated he did not see the assault or see E.F. react to the assault. Clemann then moved for judgment of acquittal a second time, arguing fondling a breast "may involve a sexual purpose, but it is not a sex act" and is not sufficient to prove the charge. The district court accepted Clemann's argument that assault with intent to commit sexual abuse required an additional overt act beyond "merely fondling the breast" and granted Clemann judgment of acquittal on the top-level charge.[1] This left the court with only the lesser-included offense of assault, a simple misdemeanor in violation of Iowa Code sections 708.1 and 708.2(6), to resolve.

After judgment of acquittal on the greater offense, the parties entered an area not clearly addressed by our rules of criminal procedure, leading to fragmented and opaque exchanges in the transcript. The district court first proposed that the lesser-included offense could be submitted to the jury that heard the trial evidence, but Clemann rejected this proposal and instead urged that the simple misdemeanor "needs to be tried in front of a different jury"—one which had

---

[1] We express no opinion on the propriety of the second judgment-of-acquittal ruling. The State has not cross-appealed or otherwise sought review, and we decline to speculate on whether such a request would have been granted by our supreme court. *See State v. Warren*, 216 N.W.2d 326, 327 (Iowa 1974) ("An appeal by the State cannot affect a judgment in favor of the defendant. For this reason and others, a State appeal is permitted in criminal cases only when it involves questions of law, either substantive or procedural, whose determination will be beneficial to the bench and bar as a guide in the future." (internal citations omitted)).

not heard the evidence or original trial information.  Clemann then "mov[ed] for a continuance" on this basis.  The State resisted and urged submission to the trial jury, analogizing to a domestic-abuse prosecution where the State had failed to prove the domestic relationship.  Clemann then withdrew his motion to continue, and the court discharged the jury.

When the parties reconvened, the district court conveyed that the simple misdemeanor should be tried to the court as factfinder.  Clemann then requested the "case be set down in front of a magistrate judge who handles the simple misdemeanor assaults."  The court denied the request to transfer the matter to a magistrate.

The same day—March 23, 2022—the district court found Clemann guilty of simple-misdemeanor assault, imposed a thirty-day jail sentence to be served after a thirty-day delay for Clemann to make arrangements, and issued a no-contact order.  Rather than appeal or move for a new trial under the simple misdemeanor rules, Clemann filed a motion to reconsider on April 7, raising various rules-based and constitutional claims.  The court denied the motion on April 18.  Clemann petitioned the supreme court for a writ of certiorari and applied for discretionary review on May 18.[2]  The supreme court granted certiorari and denied discretionary review before transferring the matter to our court for resolution.

---

[2] We note the petition for writ of certiorari is only arguably timely if deadlines are calculated from resolution of the motion to reconsider filed pursuant to Iowa Rule of *Civil* Procedure 1.904(2).  Yet this petition for certiorari originated in a *criminal* action.  If the civil-rule 1.904(2) motion failed to toll criminal appellate deadlines, this appellate action would be untimely.  Because the parties did not brief timeliness, we assume without deciding the petition was timely filed.

## II.     Preservation of Error/Waiver

The State urges that Clemann waived his claim related to jury trial on the simple misdemeanor.  We agree.  Following the judgment of acquittal, the court was prepared to have the lesser-included offense "go to the jury."  Clemann's attorney rejected this proposal and asked for a "continuance" and a "different jury." This necessarily requested discharge of the trial jury, which the court granted.  And Clemann then requested trial in front of a magistrate.  We find this waives or invites any error related to the trial jury deciding the simple misdemeanor, as Clemann turned down a jury-trial option before requesting a new trial with a new jury.  *See State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1968) ("A party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error . . . in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions." (alteration in original) (quotation marks and citation omitted)).

We do not agree with the State, however, that Clemann waived his complaint about *which* judge heard his case: the district judge or a magistrate. Clemann preserved the substance of his argument that the simple misdemeanor should be heard by a magistrate, and it is properly before us—at least for a claim grounded in the rules of criminal procedure or state statutes.

To the extent Clemann urges state or federal constitutional claims, we find those errors unpreserved.  During the on-the-record exchange that followed the judgment of acquittal, Clemann never urged a violation of his constitutional rights. The first time he raised such a claim was in his Iowa Rule of Civil

Procedure 1.904(2) "motion to reconsider," which was too late to preserve a claim that should have been raised before judgment while corrective action could be taken. *See Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019) (re-affirming that a 1.904(2) motion cannot be used to preserve error on a new claim that should have been raised earlier in the proceedings).

As a final point on waiver, we acknowledge Clemann may be arguing he was entitled to have his simple-misdemeanor charge resolved by a *different* jury. While this claim may also have invited error given his requests below, we separately reject this claim because Clemann identifies no legal authority supporting the notion that a trial jury cannot resolve guilt on lesser-included or additional remaining offenses following a successful motion for judgment of acquittal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").[3]

### III. Standard of Review

Our review is for correction of errors at law. *See State v. Mootz*, 808 N.W.2d 207, 214 (Iowa 2012). In certiorari cases, "this court 'may examine only the

---

[3] Even if Clemann had not waived this claim, we would reject it. Our research has found several instances of juries deciding cases after some counts were dismissed by judgment of acquittal. *See, e.g.*, *State v. Cook*, No. 21-0522, 2022 WL 17481442, at *1 (Iowa Ct. App. Dec. 7, 2022) (judgment of acquittal on eight counts of attempted murder, remaining counts submitted to jury); *State v. Sinn*, No. 17-0549, 2018 WL 2084844, at *3 (Iowa Ct. App. May 2, 2018) (judgment of acquittal on theft, sexual abuse submitted to jury); *State v. Douglass*, No. 16-2221, 2018 WL 1865106, at *1–2 (Iowa Ct. App. Apr. 18, 2018) (judgment of acquittal on burglary and sexual abuse, lesser-included offense of assault with intent to commit sexual abuse submitted to jury). Clemann has offered no legal principle that would render this procedure unlawful, nor has our research uncovered one.

jurisdiction of the district court and the legality of its actions.'" *State Pub. Def. v. Iowa Dist. Ct.*, 633 N.W.2d 280, 282 (Iowa 2001) (citation omitted).

### IV. Discussion

Having waived the jury claim and failed to preserve the constitutional dimension of his complaints, the remaining question Clemann puts forth concerns whether he was entitled to have a magistrate decide the lesser-included offense. We conclude the district court did not err when it adjudicated the lesser-included simple misdemeanor.

We have a unified court system, and "[d]istrict judges have the full jurisdiction of the district court, including the respective jurisdictions of district associate judges and magistrates." Iowa Code § 602.6202. While it is true that, in "exercising the jurisdiction of magistrates, district judges shall employ magistrates' practice and procedure," *id.*, Clemann has not identified any departure from magistrate practice and procedure that prejudiced his substantial rights. We also note that a district judge sitting as factfinder over a simple misdemeanor is consistent with—not contrary to—the rules of criminal procedure, which provide for an appeal procedure when "the original action was tried by a district judge." Iowa R. Crim. P. 2.73(3) (2022) (now, with slightly different language, at rule 2.72(4)(f)).

We also find the district judge adjudicating the lesser-included simple misdemeanor here was an efficient use of judicial resources, appropriately balanced with Clemann's right to trial before a fair and impartial factfinder. And it fits within the rules' directive that, "[i]f no procedure is specifically prescribed by these rules or by statute, the court may proceed in any lawful manner not

inconsistent therewith." Iowa R. Crim. P. 2.35(2) (effective through Sept. 15, 2023) (now "removed as unnecessary" but not repudiated). The district judge already heard all relevant evidence. And setting the matter for a new trial before a magistrate would have required significant additional court resources and compelling the teenage victim to testify in open court a second time about an assault perpetrated against her by a family member. More, Clemann could have filed a motion for new trial on the simple misdemeanor charge under rule 2.74 or sought appellate review before another district court judge under rule 2.75—but he chose not to. Whatever the merits of Clemann's complaint that he did not want his case decided by a jury that heard the original trial information or the State's theory of sexual intent, controlling case law requires we presume a judicial officer sitting as factfinder will disregard such considerations. *See State v. Decker*, 744 N.W.2d 346, 356 (Iowa 2008) ("Judges routinely are called upon to consider the admissibility of evidence that may be later excluded at trial. Judicial knowledge of evidence which is subsequently not admissible does not ordinarily undermine later judicial determinations in the case."); *State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004) ("[L]egal training helps equip those in the profession to remain unaffected by matters that should not influence the determination."). Clemann has identified no illegality or prejudicial error, and we decline to disturb his conviction.

## V. Disposition

Finding no constitutional claim properly before us and discerning no legal error in the district judge exercising authority shared with magistrates, we annul the writ of certiorari.

**WRIT ANNULLED.**