# IN THE COURT OF APPEALS OF IOWA

No. 24-0865
Filed June 18, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSHUA KELLY URANGA,**
      Defendant-Appellant.
_____

Certiorari to the Iowa District Court for Polk County, Kristen Formanek, Judge.

A defendant challenges the district court's jurisdiction over his criminal case at the time of his written guilty plea and sentence. **WRIT ANNULLED.**

Chris Raker, East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., Langholz, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**LANGHOLZ, Judge.**

In December 2023, two criminal complaints were filed in Polk County against Joseph Uranga after he stole a woman's purse and tried to use her credit card. While his arrest warrants were active, Uranga moved to "dismiss the prosecution," arguing the State violated the speedy-indictment rule. The district court denied the motion. On March 25, 2024, Uranga applied to our supreme court for discretionary review.

While his application was pending, Uranga never asked to stay the district court proceedings, so his case moved forward—the State filed a trial information charging him with the unauthorized use of a credit card to obtain property valued under $1500 and fourth-degree theft, he was arraigned, and he was appointed counsel. On April 18, the supreme court denied discretionary review. A week later, Uranga pleaded guilty to the unauthorized-use-of-a-credit-card charge. That same day, the district court issued a dispositional order accepting the plea, adjudicating him guilty, and sentencing him to fifteen days in jail. And about a month later, procedendo issued in his discretionary-review application.

Uranga now asks us to void that dispositional order, arguing the district court lacked jurisdiction to resolve his criminal case until the supreme court issued procedendo. First, we address Uranga's form of appeal. Though Uranga initiated this appellate case by filing a notice of appeal rather than petitioning for certiorari, Uranga's brief styles his request as a certiorari action—asking that we find the district court acted illegally by sentencing him without jurisdiction. We may reshape any case to its proper appellate form, no matter how it was initiated. *See* Iowa R. App. P. 6.151(1). Because Uranga solely challenges the district court's

jurisdiction to take any action in his criminal case and not any other aspect of his sentence or the plea proceedings, certiorari is appropriate here. So we grant the writ and proceed to the merits.[1] *Id.*; *see also State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017).

"A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise has acted illegally." *State Pub. Def. v. Iowa Dist. Ct.*, 747 N.W.2d 218, 220 (Iowa 2008) (cleaned up). We review for legal error. *Id.*

"An order is void if the court lacked jurisdiction when the order was entered." *State v. T.J.W.*, 2 N.W.3d 853, 856 (Iowa 2024). Many times, an appeal "terminates a district court's jurisdiction over the merits of a controversy." *Id.* But not every request for appellate review divests the district court of jurisdiction—applications for discretionary review do not. *See* Iowa R. App. P. 6.106(1)(g). To pause district court proceedings, an applicant for discretionary review must apply to the district court or supreme court for a stay. *Id.*

Uranga never sought a stay of his criminal case. To the contrary, he continued to participate—filing motions, appearing before the court, filing a written guilty plea, and waiving a sentencing hearing. Thus, the district court had jurisdiction to accept his guilty plea, adjudicate him guilty, and impose a sentence. Finding no jurisdictional defect, we annul the writ.

**WRIT ANNULLED.**

---

[1] The State contests whether Uranga has good cause to appeal from a guilty plea. *See* Iowa Code § 814.6 (2024). But treating this as a certiorari proceeding rather than an appeal also avoids the need to decide whether a meritless challenge to the district court's jurisdiction provides good cause. The State also contests error preservation, but subject matter jurisdiction can be raised at any time, including for the first time on appeal. *See State v. Moret*, 486 N.W.2d 589, 591 (Iowa 1992).