# IN THE SUPREME COURT OF IOWA

No. 15–1922

Filed February 17, 2017

Amended April 27, 2017

**WELLMARK, INC.** d/b/a **WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA,** an Iowa Corporation, and **WELLMARK HEALTH PLAN OF IOWA, INC.,** an Iowa Corporation,

Plaintiffs,

vs.

**IOWA DISTRICT COURT FOR POLK COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Polk County, Arthur E. Gamble, Chief Judge.

Defendant health insurer petitioned for writ of certiorari challenging district court rulings allowing chiropractors to proceed with an antitrust rule-of-reason claim after procedendo issued from decision affirming summary judgment dismissing this civil action with prejudice. **WRIT SUSTAINED.**

Ryan G. Koopmans, Hayward L. Draper, and John T. Clendenin (until withdrawal) of Nyemaster Goode, P.C., Des Moines, for plaintiffs.

Glenn L. Norris of Hawkins & Norris, P.C., Des Moines, Steven P. Wandro of Wandro & Associates, P.C., Des Moines, and Harley C. Erbe of Erbe Law Firm, Des Moines, for defendant.

**WATERMAN, Justice.**

When is a case over? We have decided two prior appeals in this civil action: *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 267 (Iowa 2012) (reversing summary judgment in part) (*Mueller I*), and *Mueller v. Wellmark, Inc.*, 861 N.W.2d 563, 575 (Iowa 2015) (affirming summary judgment dismissing the fourth amended petition) (*Mueller II*). After procedendo issued in *Mueller II,* the plaintiffs persuaded the district court to proceed with an antitrust claim they had previously stipulated was not included in their fourth amended petition. We granted the defendant's petition for a writ of certiorari and now clarify what we thought was clear before—that *Mueller II* ended this civil action.

## I. Background Facts and Proceedings.

**A. Procedural History Through *Mueller II*.** This civil action commenced in December 2007 when Steven A. Mueller, a doctor of chiropractic, filed a breach-of-contract claim against Wellmark over a $17,376 billing dispute. *Mueller I*, 818 N.W.2d at 247–48. In May 2008, Mueller, joined by Bradley J. Brown, D.C.; Mark A. Kruse, D.C.; Kevin D. Miller, D.C.; and Larry E. Phipps, D.C., filed an amended petition asserting claims on behalf of a putative "class of Iowa-licensed doctors of chiropractic" who "have billed for services provided to patients enrolled in Wellmark health insurance plans." *Id.* at 248. Plaintiffs alleged Wellmark discriminatorily fixed prices for services performed by chiropractors at rates lower than those paid to medical doctors and doctors of osteopathic medicine. *Id.* at 247. Their amended petition alleged violations of Iowa insurance regulatory statutes, the Iowa Competition Law (Iowa Code chapter 553), and a national class-action settlement. *See id.* at 249–50. The district court, without certifying this

case as a class action, granted Wellmark's motions to dismiss and for summary judgment. *Id.* at 250, 252.

Plaintiffs appealed. *Id.* at 253. We affirmed the dismissal of claims brought under the insurance statutes, holding they created no private right to sue. *Id.* at 258. We also affirmed summary judgment dismissing claims that Wellmark breached the national settlement in *Love v. Blue Cross Blue Shield Ass'n,* No. 03–21296–CIV (S.D. Fla. Apr. 19, 2008)*. Id.* at 264–65. But we reversed the district court's summary judgment dismissing antitrust claims against Wellmark based on the state-action exemption in Iowa Code section 553.6(4) (2009). *Id.* at 263–64. We remanded the case for further proceedings on plaintiffs' claims under the Iowa Competition Act. *Id.* at 264, 267. Meanwhile, plaintiffs, joined by other doctors of chiropractic, commenced an administrative action in the Iowa Insurance Division to litigate the violations of the insurance regulatory statutes.[1]

District court proceedings resumed in this civil action after our remand in *Mueller I. See Mueller II,* 861 N.W.2d at 566. On December 31, 2012, Wellmark moved to dismiss or stay this civil action pending the insurance commissioner's decision in the related administrative action. Wellmark argued the commissioner had primary jurisdiction because the regulator was better suited to analyze the complex antitrust allegations and effects on insurance markets. Wellmark contended the commissioner's decision may "moot" or "narrow" the issues. Plaintiffs resisted, arguing there was no need to await the

---

[1]The insurance commissioner ultimately decided that case in Wellmark's favor, and the district court affirmed on the plaintiffs' petition for judicial review. *Abbas v. Iowa Ins. Div.,* No. CVCV048885 (Iowa Dist. Ct. for Polk Cty. June 24, 2015). Plaintiffs' appeal was submitted to our court on January 18, 2017. *Abbas v. Iowa Ins. Div.*, No. 15–1248 (Iowa filed Jan. 18, 2017).

commissioner's decision because their amended petition alleged "per se" violations of the Iowa Competition Act that did not require the regulator's expert analysis of the Iowa health insurance market.

Under a per se violation, an agreement is "so plainly anticompetitive that no elaborate study of the industry is needed to establish . . . illegality." *Id.* at 568 (quoting *Texaco Inc. v. Dagher*, 547 U.S. 1, 5, 126 S. Ct. 1276, 1279, 164 L. Ed. 2d 1, 7 (2006)). By contrast, a rule-of-reason claim "requires plaintiffs to demonstrate that a particular arrangement 'is in fact unreasonable and anticompetitive before it will be found unlawful.'" *Id.* (quoting *Dagher*, 547 U.S. at 5, 126 S. Ct. at 1279, 164 L. Ed. 2d at 7). In a rule-of-reason analysis,

> the finder of fact must decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature, and effect [on the market.]

*State Oil Co. v. Khan*, 522 U.S. 3, 10, 118 S. Ct. 275, 279, 139 L. Ed. 2d 199, 206 (1997). Plaintiffs specifically argued that because their amended petition alleged per se violations, the commissioner was not better suited to resolve the dispute.

Wellmark responded by inviting plaintiffs to stipulate that their pleadings included no rule-of-reason claim:

> If Plaintiffs will indeed stipulate that their case be strictly limited to a claim of per se price fixing, that might indeed moot out this motion and we could go right to summary judgment. But the allegations contained in Plaintiffs' Fourth Amended and Substituted Petition . . . are not so limited, and that's the pleading now before this Court . . . .

Wellmark sought a stipulation stating,

> a. Plaintiffs hereby dismiss, with prejudice, all claims except any price-fixing claims that rise to a *per se* violation of the Iowa Competition Act; and

b. Wellmark, in turn, withdraws its pending motion to dismiss or stay.

At the hearing on Wellmark's motion, the district court expressed an inclination to stay the proceedings. Plaintiffs rejected Wellmark's proposed stipulation but, to avoid the stay, agreed to limit their petition to per se violations. They stipulated accordingly,

> Pursuant to discussions with the Court and Defendants' counsel during the telephone hearing held on February 22, 2013, on Defendant[s'] Motion to Dismiss or Stay and Defendants' Supplement to Motion to Dismiss, Plaintiffs hereby agree and stipulate that the only violation[s] of Iowa Code § 553.4 alleged in the Fourth Amended and Substituted Petition for Damages . . . constitute per se violations of the Iowa Competition Act. *Plaintiffs' allegations exclude a contention that a rule of reason analysis is applicable to the violation of Iowa Code § 553.4 alleged in the Fourth Amended and Substituted Petition.*

(Emphasis added.) No party asked the court to notify putative class members of this stipulation. No class had been certified, and no motion for class certification had been filed. On March 4, the district court noted that based on plaintiffs' stipulation, "Defendants have advised the Court . . . the motions to dismiss or stay do not need a ruling" and "the Court considers the motions withdrawn without prejudice."

Wellmark moved for summary judgment on plaintiffs' "remaining claims." Plaintiffs resisted based in part on rule-of-reason arguments. At the hearing on the motion for summary judgment, the district court sought clarification whether the rule-of-reason claim was in or out of this case:

> THE COURT: Mr. Norris, the one thing I wanted to ask you about is: In your resistance you've got a fairly long section that talks about rule of reason. I don't understand that with the stipulation.
>
> MR. NORRIS: All right. I was talking about the idea that this disposes of the entire case. All I was showing is that we could establish the elements of a rule of reason.

THE COURT: But you stipulated that this is not a rule of reason case.

MR. NORRIS: Well, but I can certainly ask to amend.

THE COURT: Well, I don't think you can after your stipulation. That was the whole point of the stipulation and why we didn't rule on the motion to dismiss.

. . . .

MR. NORRIS: By the stipulation I made was that we believed that what we were talking about was a per se violation of the antitrust laws.

THE COURT: And that's the only claim that I have at this point.

MR. NORRIS: Well, yeah.

Plaintiffs did not move to amend the petition, and no other party moved to intervene.

On November 5, the district court ruled that Wellmark committed no per se violation of the antitrust laws. The order concluded, "[T]he defendants' Motion for Summary Judgement is GRANTED." The order further provided,

> While the plaintiffs stipulated they are not asserting the rule of reason here, they argue Wellmark's price-fixing violates the Iowa Competition Law under a rule of reason analysis. Because the plaintiffs stipulated Wellmark only committed a per se antitrust violation, this Court does not consider the rule of reason here. This court offers no opinion on any potential future claim that Wellmark's actions violate Iowa Competition Law under a rule of reason analysis.

Plaintiffs filed a notice of appeal "on behalf of themselves and those like situated . . . from the final order entered in this case on November 5, 2013 and from all adverse rulings and orders therein."

We unanimously affirmed the district court's ruling granting summary judgment. *Mueller II*, 861 N.W.2d at 575. We carefully limited the breadth of our holding for purposes of stare decisis:

> We are not today foreclosing a rule of reason claim against Wellmark if it were shown that the anticompetitive consequences of its practices exceeded their procompetitive

benefits. We simply uphold the district court's ruling that Wellmark's arrangements with self-insured employers and out-of-state BCBS licensees are not subject to the per se rule. Because the plaintiffs by stipulation limited themselves to a per se claim, we affirm the district court's grant of summary judgment.

*Id.* at 574–75 (footnote omitted). We meant that we were not foreclosing such a rule-of-reason claim *by other plaintiffs in a new lawsuit.*[2] We did not remand this civil action for any purpose. Procedendo issued on April 22, 2015.

**B. Procedural History After *Mueller II*.** On June 19, plaintiffs asked the district court to set a "pretrial scheduling conference to establish" whether "additional Iowa chiropractors who are or would be members of the proposed class . . . can or should be added" and "a schedule for determining Plaintiff's Motion for Leave to File a Fifth Amended and Substituted Petition for Damages." Wellmark resisted, asserting the summary judgment affirmed by our court "was the end of the case." Wellmark argued, "Just as a plaintiff could not amend their pleading after a jury found against them and the Iowa Supreme Court affirmed that judgment, plaintiffs cannot file an amended complaint after the grant and affirmance of summary judgment." On November 6, the district court, with a different judge presiding, granted plaintiffs' request for a scheduling conference, ruling that "this case is not over." The district court stated,

> Both the district court's summary judgment and the Supreme Court's opinion preserved the plaintiffs' rule-of-

---

[2]On October 5, 2015, another civil action was filed by these plaintiffs together with other Iowa chiropractors alleging rule-of-reason antitrust claims against Wellmark. *Chicoine v. Wellmark, Inc.*, No. CVCV050638 (Iowa Dist. Ct. for Polk Cty. filed Oct. 5, 2015). The district court stayed that case based on overlapping claims in pending federal multidistrict litigation, and the plaintiffs' appeal of that stay (No. 16–0364) was submitted to our court on January 19, 2017.

reason claim. Neither court ordered that plaintiffs' rule-of-reason claim could not be filed as an amendment to their petition in this class action lawsuit. Neither court ordered that plaintiffs' rule-of-reason claim had to be filed in a new action with a lookback period under the statute of limitations. The district court's summary judgment, which was affirmed by the Supreme Court, simply stated the Court offers no opinion on *any* potential future claim under the rule-of-reason analysis.

The district court opined plaintiffs had not "dismissed" their rule-of-reason analysis, they had

> deferred filing their rule-of-reason claim due to the pendency of a contested case proceeding before the Insurance Commissioner. Plaintiffs merely stipulated that their Fourth Amended Petition only stated a *per se* claim so that the case could move forward.

The district court found both that plaintiffs' stipulation was not binding on the class and that the district court had not followed the class-action rules governing dismissals. This civil action, however, had never been certified as a class action.

On November 16, Wellmark filed a petition for a writ of certiorari. Meanwhile, the district court issued an order requiring plaintiffs to "immediately file their Motion for Leave to File a Fifth Amended and Substituted petition for damages." On December 9, plaintiffs filed their motion for leave to file the fifth amended petition. The same day, we granted certiorari and stayed further proceedings at the district court.

## II. Standard of Review.

Under a writ of certiorari, we review a district court's order for correction of errors at law. *State Pub. Def. v. Iowa Dist. Ct.*, 886 N.W.2d 595, 598 (Iowa 2016). A writ of certiorari lies when a lower court "has exceeded its jurisdiction or otherwise has acted illegally." *Id.* (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 747 N.W.2d 218, 220 (Iowa 2008)). "Illegality exists when the court's findings lack substantial evidentiary

support, or when the court has not properly applied the law."  *Id.* (quoting *State Pub. Def.*, 747 N.W. 2d at 220).

### III.  Analysis.

We must decide whether the district court's summary judgment, and our subsequent decision affirming that judgment, ended this civil action such that a rule-of-reason claim against Wellmark can only be pursued in a separate lawsuit.  These chiropractors argue, and the district court agreed, that a rule-of-reason analysis survived summary judgment and may now be litigated in this action.  They point to language in the summary judgment ruling and *Mueller II* disclaiming adjudication of a rule-of-reason claim and rely on restrictions for dismissing a class action without notice to putative class members.  *See* Iowa R. Civ. P. 1.271.  We hold no precertification notice to putative class members was required for plaintiffs to stipulate that their fourth amended petition omitted a rule-of-reason claim, and the summary judgment affirmed on appeal ended this civil action.  Accordingly, the district court erred by allowing this case to proceed.

A basic rule of finality is dispositive here: "In the absence of a remand or procedendo directing further proceedings in the trial court, the jurisdiction of the district court terminates both as to the parties and the subject matter when a district court judgment has been affirmed." *Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987).  Eligius Franzen filed a product-liability action against Deere & Company for personal injuries he suffered while using a forage wagon it manufactured.  *Id.* at 673.  The district court granted Deere's motion to dismiss based on the statute of limitations.  *Id.*  We reversed and remanded the case to allow the Franzens to litigate the discovery rule exception.  *Id.*  Following remand and discovery, the district court

granted Deere's motion for summary judgment, and we affirmed. *Id.* More than a month later, Deere filed an application for attorney fees. *Id.* In the third appeal, we concluded the district court was "without authority to consider the application, because it lost jurisdiction of this particular case once the final judgment had been affirmed without remand in *Franzen* [*v. Deere & Co.*, 377 N.W.2d 660 (Iowa 1985)]." *Id.* We explained,

> Ordinarily the authority of the district court to decide substantive issues in a particular case terminates when a final judgment is entered and postjudgment motions have been resolved. A final judgment, one that conclusively determines the rights of the parties and finally decides the controversy, creates a right of appeal and also removes from the district court the power or authority to return the parties to their original positions.

*Id.* at 674.

Although the district court "retains jurisdiction during and after appeal from its final judgment to enforce the judgment itself," it "does not have the authority to revisit and decide differently issues already concluded by that judgment." *Id.*; *see also Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010) (noting the general rule that "a district court's jurisdiction ends with dismissal of the pending case" except to enforce orders remaining in effect); *Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 658 (Iowa 1995) ("[O]ur rules of appellate procedure provide for restoration of jurisdiction to the district court in only two circumstances: upon the . . . dismissal [of the appeal] or upon the appellate court's order for limited remand."); *Hearity v. Bd. of Supervisors*, 437 N.W.2d 907, 908–09 (1989) ("[O]nce an appellate court had rendered its decision and docketed its mandate affirming the district court's judgment the district court is without jurisdiction to consider motions for sanctions . . . ."); *Dunton v. McCook*, 120 Iowa 444, 447, 94 N.W. 942, 943 (1903)

("[Judgment] was affirmed in this court . . . , and petition for rehearing denied . . . . That ended the suit. Thereafter it was pending in neither court."). As we have long recognized, this rule of finality avoids endless litigation:

> The judgment of the lower court had been entered of record, and, when affirmed, was in full force and effect, without further action thereon. Not a thing remained for the trial court to do; nor was he directed to take further action in the matter. The original action was, therefore, at an end, so far, at least, as the district court was concerned, and the defendants had no right to then file a cross petition. *If the position contended for by appellants were tenable, there would be no end to a cause of action.* If a cross petition may be filed and new parties brought in one week after final determination by decree, it might, under some circumstances, be permitted one, two, or three years thereafter.

*Steel v. Long*, 84 N.W. 677, 678 (Iowa 1900) (emphasis added).

In *Mueller II*, we affirmed the district court's summary judgment without any remand. 861 N.W.2d at 575. That summary judgment dismissed plaintiffs' fourth amended petition with prejudice. *See id.* After procedendo issued, the district court lacked the power to consider plaintiffs' motion to set a pretrial conference or to allow the fifth amended petition. Our statement in *Mueller II* declining to foreclose the possibility of a rule-of-reason claim merely defined the breadth of our holding for purposes of stare decisis as to claims filed by different plaintiffs in a separate lawsuit. *See id.* at 574–75. Neither the district court nor our court effectively reserved the rule-of-reason analysis for further litigation by these plaintiffs within *this* civil action.

Our class-action rules do not permit these chiropractors to evade the finality of the summary judgment in *Mueller II*. This civil action was filed as a putative class action but had not been certified. *See* Iowa R. Civ. P. 1.262(1) (directing court to "determine whether or not the action

is to be maintained as a class action and by order certify or refuse to certify it as a class action"). It is well-settled that a summary judgment dismissing the claims of the named plaintiffs terminates the civil action and renders moot the question whether to certify the case as a class action. *See Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 278 n.5 (Iowa 2009) (noting that if the district court had entered summary judgment "before class certification proceedings," the defendants "would have been out of th[e] case before [incurring] the cost of the class certification proceedings"); *Neb. Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 130–31 (Iowa 1984) (affirming summary judgment on claims by named plaintiffs without class certification); *see also* William B. Rubenstein, *Newberg on Class Actions* § 7:10 (5th ed.), Westlaw (database updated Dec. 2016) ("If the defendant prevails on the summary judgment motion, in most circumstances, the court will be relieved of the need to rule on the issue of class certification."); *cf. Hammond v. Fla. Asset Fin. Corp.*, 695 N.W.2d 1, 8 (Iowa 2005) (affirming dismissal of defendant for lack of personal jurisdiction and rejecting named plaintiffs' argument jurisdiction was supported by claims of putative class members, noting "there has been no determination that a class exists or that the action may proceed as a class action").[3]

---

[3]Because of similarities between the Iowa and federal class-action rules, we may look to federal decisions for guidance. *See Lucas v. Pioneer, Inc.*, 256 N.W.2d 167, 172 (Iowa 1977). It is well established under federal law that the district court may grant a dispositive motion against the named plaintiffs without deciding class certification. *See, e.g., J & R Mktg., SEP v. Gen. Motors Corp.*, 549 F.3d 384, 390 (6th Cir. 2008) ("If it is found, prior to class certification, that the named plaintiffs' individual claims are without merit, then dismissal is proper."); *Greenlee County v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2007) ("[W]e have repeatedly found on appeal that issues related to class certification were moot in light of our resolution against the plaintiff of a motion to dismiss or for summary judgment."); *McNulty v. Fed. Hous. Fin. Agency*, 954 F. Supp. 2d 294, 303 (M.D. Pa. 2013) ("The court's finding that the plaintiff's complaint fails to state a claim upon which [relief] can be granted . . . effectively moots the

Because no class had been certified, Wellmark acknowledges putative class members in this civil action are not bound by the summary judgment under principles of res judicata. *See Neb. Innkeepers, Inc.,* 345 N.W.2d at 130–31 ("Our holding, however, only applies to the named plaintiffs because the record does not show the court had yet certified this as a class action . . . .").[4]

Plaintiffs, represented by experienced counsel, stipulated they were only pursuing a per se action. "Stipulations must be binding." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. ___, ___, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439, 443 (2013).[5] A named plaintiff's stipulation made before class certification, however, does not "speak for those he purports to

_____

question of whether to certify the action as a class action."); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 960, 974 (E.D. Mich. 2008) (stating summary judgment had effect of mooting class certification), *rev'd on other grounds* sub nom. *Schuette v. Coal. to Defend Affirmative Action*, 572 U.S. ___, 134 S. Ct. 1623, 188 L. Ed. 2d 613 (2014.

[4]*See also Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) (holding that when defendants moved for summary judgment prior to certification, they "waived their right to have [class] notice given and to obtain a judgment that was binding upon the class"); *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1382 (D.C. Cir. 1980) (noting when defendants move for summary judgment prior to certification they "assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members" (quoting *Haas v. Pittsburgh Nat'l Bank*, 381 F. Supp. 801, 806 (W.D. Pa. 1974), *aff'd in part and rev'd in part*, 526 F.2d 1083 (3d Cir. 1975)).

[5]Plaintiffs' stipulation that their pleadings included no rule-of-reason claim had its intended effect of inducing Wellmark to withdraw its motion to stay, thereby allowing plaintiffs to avoid a possible stay order. We will not second-guess that strategic decision by experienced lawyers. But it would be unfair to allow plaintiffs to retract their stipulation after they got what they wanted from it. And it would prejudice Wellmark to allow plaintiffs to prolong this case by belatedly adding the rule-of-reason claim they stipulated out of the case. We have applied the doctrine of judicial estoppel to prevent a party from taking inconsistent positions in litigation. *See Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 573–75 (Iowa 2006) (concluding employer estopped from denying liability in workers' compensation claim when it admitted liability in a prior proceeding to control the care provided); *Wilson v. Liberty Mut. Grp.*, 666 N.W.2d 163, 167 (Iowa 2003) (employee who alleged "a bona fide dispute" to obtain approval of workers' compensation claim was estopped from pursing bad-faith claim against insurer).

represent." *Id.* at \_\_\_, 133 S. Ct. at 1349, 185 L. Ed. 2d at 444. In *Knowles*, the named plaintiff, to keep his claim in state court by avoiding federal subject matter jurisdiction under the Class Action Fairness Act, stipulated before class certification that he, and the class he sought to represent, would not seek aggregate damages exceeding $5 million. *Id.* at \_\_\_, 133 S. Ct. at 1347, 185 L. Ed. 2d at 442. The Court concluded his stipulation did not bind putative class members because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at \_\_\_, 133 S. Ct. at 1349, 185 L. Ed. 2d at 444; *see also Smith v. Bayer Corp.*, 564 U.S. 299, 315, 131 S. Ct. 2368, 2380, 180 L. Ed. 2d 341, 354 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties."). A "nonnamed class member is [not] a party to the class-action litigation before the class is certified." *Smith*, 564 U.S. at 313, 131 S. Ct. at 2379, 180 L. Ed. 2d at 353 (emphasis added). The *Knowles* Court held, "Because his precertification stipulation does not bind anyone *but himself*, Knowles has not reduced the value of the putative class members' claims." *Knowles*, 568 U.S. at \_\_\_, 133 S. Ct. at 1349, 185 L. Ed. 2d at 444 (emphasis added).

Similarly, the precertification stipulation by the named-plaintiff chiropractors withdrawing their rule-of-reason claim did not bind anyone *but themselves*. *See id.* The district court properly relied on the stipulation in granting summary judgment dismissing the named plaintiffs' civil action. The stipulation was not binding on putative class members who could and did file a separate lawsuit to pursue a rule-of-reason claim.

We conclude the district court could properly enter summary judgment without notifying putative class members. Our governing rule provides,

> **1.271(1)** Unless certification has been refused under rule 1.262, a class action, without the approval of the court after hearing, may not be:
>
> *a.* Dismissed voluntarily.
>
> *b.* Dismissed involuntarily without an adjudication on the merits.
>
> *c.* Compromised.
>
> **1.271(2)** If the court has certified the action under rule 1.262, notice of hearing on the proposed dismissal or compromise shall be given to all members of the class in a manner the court directs. *If the court has not ruled on certification, notice of hearing on the proposed dismissal or compromise may be ordered by the court* which shall specify the persons to be notified and the manner in which notice is to be given.

Iowa R. Civ. P. 1.271(1)–(2) (emphasis added). Rule 1.271(2) makes clear that precertification notice was not required here—rather, the court "may" give notice. *Id.* The word "may" is permissive when juxtaposed with the directory word "shall" in the immediately preceding sentence. *See State v. Klawonn*, 609 N.W.2d 515, 521 (Iowa 2000) (stating "may" can be interpreted as "shall" only when context evinces that intent). Under the circumstances of this case, we hold that the district court had no obligation to notify putative class members of the pending motion for summary judgment or the named plaintiffs' stipulation abandoning a rule-of-reason claim. Neither due process nor rule 1.271(2) required notice to other chiropractors who are not bound by the summary judgment. The district court erred in concluding otherwise.[6]

---

[6]Our conclusion is consistent with federal class-action law. "Federal rule of civil procedure 23(e) concerning approval of class action settlements is somewhat analogous to Iowa rule of civil procedure [1.271]." *City of Dubuque v. Iowa Trust*, 587 N.W.2d 216,

This case is over. Litigation between Iowa chiropractors and Wellmark continues in other civil actions. We express no opinion on the merits of the other cases.

_____

221 (Iowa 1998). We have looked to federal authority for guidance in the dismissal and settlement of certified class actions. *Id.* at 220, 222 (approving settlement of certified class action). Federal rule 23(e) was amended in 2003 to limit mandatory notice of dismissals to *certified* class actions:

> **(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a *certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members *who would be bound by the proposal.*

Fed. R. Civ. P. 23(e)(1) (emphasis added). As the drafters explained, the purpose of the 2003 amendment was to remove the requirement of precertification notice to putative class members:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23(e)(1) advisory committee's note to 2003 amendments. Some federal courts have continued to favor notifying putative class members of proposed dismissals without class certification under circumstances not presented here. "Case law addressing pre-certification notice generally takes a flexible approach framed by two guiding principles: (1) the lack of collusion or bad faith, and (2) the existence of any reasonable reliance [of] putative class members." *Griffith v. Javitch, Block & Rathbone, LLP*, 241 F.R.D. 600, 602 (S.D. Ohio 2007); *see also In re Conagra Foods, Inc.*, CV 11–05379 MMM (AGRx), 2014 WL 12579572, at *6 (C.D. Cal. 2014) (allowing voluntary dismissal without notice to putative class members and stating, "[a]bsent any indication that these plaintiffs actually appended class allegations in an attempt to get favorable individual settlements, there is no reason to require notice . . . as a deterrent to hypothetical abusive plaintiffs" (emphasis omitted) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989))). Plaintiffs' counsel vigorously litigated this case without any settlement or hint of collusion with Wellmark. And any concern that putative class members relied on this civil action is ameliorated by the fact the same plaintiffs' counsel have already filed *Chicoine*, another pending putative class action of Iowa chiropractors asserting rule-of-reason claims against Wellmark. *See* Iowa R. Civ. P. 1.277 ("The statute of limitations is tolled for all class members upon the commencement of an action asserting a class action."). Any dispute over tolling or res judicata would be addressed in that case.

**IV.  Disposition.**

For the reasons explained above, the district court had no power to proceed with a rule-of-reason claim after procedendo issued in *Mueller II*. This civil action between the named parties had ended.  Accordingly, we sustain the writ of certiorari.

**WRIT SUSTAINED.**

All justices concur except Appel, J., who takes no part.