# IN THE COURT OF APPEALS OF IOWA

No. 17-0310
Filed October 25, 2017

**VAN HAMM, L.L.C., d/b/a NEIGHBORS GAS & GRILL,**
        Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR KEOKUK COUNTY,**
        Defendant.
_____

        Appeal from the Iowa District Court for Keokuk County, Joel Yates, Judge.


        Plaintiff filed a petition for writ of certiorari claiming the district court illegally granted an attorney's request to view a county attorney's criminal file. **WRIT SUSTAINED.**



        Mark J. Wiedenfeld and Joshua R. Strief of Elverson, Vasey, Wiedenfeld & Abbot, Des Moines, for plaintiff.

        Matthew B. Moore of The Law Offices of Matthew B. Moore, P.L.L.C., Oskaloosa, for defendant.



        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Van Hamm, L.L.C., doing business as Neighbors Gas and Grill, filed a petition for writ of certiorari claiming the district court illegally granted an attorney's request to view a county attorney's criminal file in anticipation of filing a dram shop action against Van Hamm. Prelitigation discovery is permitted by the Iowa Rules of Civil Procedure in limited circumstances, which are not applicable to the current situation. We determine the writ of certiorari should be sustained.

## I. Background Facts & Proceedings

On April 2, 2015, there was an altercation between Justin Shipley and Nathan Slagter outside Neighbors Gas and Grill in Delta, Iowa. There was a criminal prosecution against Shipley as a result of the incident. Slagter gave notice to Van Hamm he intended to file a dram shop action, claiming Shipley had been served liquor while he was intoxicated or to the point he became intoxicated. Prior to filing the dram shop action, Slagter sought the Keokuk County Attorney's file from the criminal prosecution of Shipley. The county attorney requested a court order prior to releasing the investigative materials.

On January 26, 2017, Slagter filed a "friendly" application requesting the court issue a subpoena, pursuant to Iowa Rules of Civil Procedure 1.722 and 1.723, permitting him to obtain:

> the documents and data obtained and/or created and in the custody and control of the law enforcement authority responsible for its creation and preservation including, but not limited to, photographs; video, CDs of unknown content; reports; interviews with witnesses; and other evidence that is currently incapable of determination at this time due to the refusal of the Keokuk County Attorney's Office to produce the same absent a subpoena.

The application stated the request was not for the purpose of discovery and was made in order to prevent delay and promote justice. Van Hamm filed a motion to quash the subpoena, claiming Slagter's application was improper under the Iowa Rules of Civil Procedure.

A hearing was held on February 17, 2017.[1] The court denied the motion to quash but stated the information would be provided to Slagter in a controlled setting. The court directed Slagter, Van Hamm, and the county attorney to meet at the Keokuk County Courthouse to permit inspection of the county attorney's material. The court stated no copies of the material could be made and the material could not leave the courthouse.

Van Hamm filed a petition for writ of certiorari, claiming the district court exceeded its authority, and requested a stay of the proceedings. Slagter resisted the petition and stay.[2] The Iowa Supreme Court granted the petition for writ of certiorari and granted a stay during the pendency of the appeal. *See* Iowa R. App. P. 6.107(2). The case was subsequently transferred to the Iowa Court of Appeals.

## II.    Standard of Review

When a party has filed a petition for writ of certiorari, we review the district court's decision for the correction of errors at law. *Wellmark, Inc. v. Iowa Dist. Ct.*, 890 N.W.2d 636, 642 (Iowa 2017). "A writ of certiorari lies when a lower court 'has exceeded its jurisdiction or otherwise acted illegally.'" *Id.* (citation

---

[1] The hearing was not reported, and therefore, no transcript is available.
[2] Slagter filed a written resistance to the petition for writ of certiorari but did not file an appellate brief. In addition, no brief was filed on behalf of the Iowa District Court.

omitted). "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.*

**III.    Merits**

Van Hamm claims the application for a prelitigation subpoena does not come within the requirements found in rules 1.722 or 1.723 and is not permissible under any other rules of civil procedure. Van Hamm states the district court exceeded its authority.

Rule 1.722 provides:

> An application to take depositions to perpetuate testimony for use in an action not yet pending shall be filed in the court where the prospective action might be brought. The application shall be captioned in the name of the applicant, be supported by affidavit, and show all of the following:
> 1.722(1) That the applicant expects to be a party to an action cognizable in some court of record of Iowa, but which cannot currently be brought.
> 1.722(2) The subject matter of such action, and the applicant's interest therein.
> 1.722(3) The facts to be shown by the proposed testimony, and reasons for desiring to perpetuate it.
> 1.722(4) The name or description of each expected adverse party, with address if known.
> 1.722(5) The name and address of each deponent and the substance of the deponent's testimony.

Rule 1.723 sets out the requirements for the notice of an application under rule 1.722.

An application may be granted as provided in rule 1.725, as follows:

> If satisfied that the application is not for the purpose of discovery, and that its allowance may prevent future delay or failure of justice, and that the applicant is unable to bring the contemplated action or cause it to be brought, the court shall order the testimony perpetuated. In its order, the court shall designate the deponents, the subject matter of their examination, the time, location and officer before whom the depositions shall be taken, and whether orally or on written interrogatories.

Van Hamm claims Slagter's application did not meet the requirements of rule 1.722. In particular, the application did not allege Slagter could not currently bring his dram shop action. *See* Iowa R. Civ. P. 1.722(1). Also, Van Hamm asserts Slagter was not seeking to perpetuate testimony but was seeking to examine evidence held by the county attorney. *See* Iowa R. Civ. P. 1.722(3). Van Hamm additionally claims the application was made for the purpose of discovery. *See* Iowa R. Civ. P. 1.725. It states Slagter made no allegations as to why granting the application would prevent future delay or the failure of justice. *See id.*

The Iowa Rules of Civil Procedure have the force and effect of statutes. *City of Sioux City v. Freese*, 611 N.W.2d 777, 779 (Iowa 2000). In considering the predecessor of rule 1.722, the Iowa Supreme Court noted the rule could be used to establish evidence "by persons of advanced age who are familiar with the facts and unless their testimony is perpetuated it will soon be impossible to prove such facts." *City of Emmetsburg v. Cent. Iowa Tel. Co.*, 96 N.W.2d 445, 449 (Iowa 1959). The official comment to rule 1.722 notes under the Federal Rules of Civil Procedure a proceeding to perpetuate testimony is used "to prevent a failure or delay of justice by preserving and registering testimony which would otherwise be lost before the matter to which it relates could be made ripe for judicial determination." Iowa R. Civ. P. 1.722 cmt.

We conclude the district court exceeded its authority by determining Slagter could continue with discovery under rule 1.722 when the application filed by Slagter did not meet the requirements of the rules. Prelitigation discovery is

permitted by the Iowa Rules of Civil Procedure in limited circumstances, which are not applicable to the current situation. We determine the writ of certiorari should be sustained.

**WRIT SUSTAINED.**