# IN THE COURT OF APPEALS OF IOWA

No. 17-1395
Filed November 7, 2018

**URBANDALE BEST, LLC,**
        Plaintiff,

and

**URBANDALE WEST, LLC,**
        Plaintiff-Appellant,

**vs.**

**R & R REAL ESTATE INVESTORS, LLC,**
        Defendant-Appellee,

and

**R & R REALTY GROUP, LLC and PMR REALTY GROUP, LLC,**
        Defendants.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Plaintiff appeals from the district court's post-procedendo order and denial of its motion to file a supplemental pleading.  **AFFIRMED.**


        Shari L. Klevens of Dentons US LLP, Washington, D.C., Michael A. Dee and Haley R. Van Loon of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, PLC, Des Moines, and Lisa Krigsten of Dentons US LLP, Kansas City, Missouri, for appellant.

        George A. LaMarca and Ryan C. Nixon of LaMarca Law Group, PC, Des Moines, for appellee.


        Heard by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Urbandale West, LLC (Urbandale West) appeals the denial of its motion for entry of final judgment and, in the alternative, its motion to file a supplemental petition against R & R Real Estate Investors, LLC (REI). Urbandale West asserts the district court failed to order the enforcement of a default buy-out right as a remedy for REI's breach and abused its discretion in denying its request to file a supplemental petition to include the contractual remedy which allows Urbandale West to buy out REI's interest in the venture.

**I.      Background Facts and Proceedings**

This case was previously before our court and we summarized the facts underlying this action as follows:

> Since approximately 2006, the Urbandale entities have been joint owners of various real estate development companies with the R & R entities. Two jointly-owned entities are relevant to this matter: Paragon West, LLC and Paragon Best, LLC. Paragon West, formed in 2006, is jointly-owned by Urbandale West and REI with REI serving as the managing member. Paragon Best was also formed in 2006 and is jointly-owned by Urbandale Best and R & R with R & R serving as the managing member.
>
> Paragon West owns real property at the corner of 128th Street and Meredith Drive in Urbandale. The land is divided into multiple parcels. Paragon West's predecessor, 128th Street LLC, sold a portion of one of the parcels, known as the "Dahl's Property" to Foods Inc., prior to the formation of Paragon West. Foods's purchase of the Dahl's Property was subject to a developer agreement that required the parcel to be developed as a grocery and convenience store and included a right of Paragon West to repurchase if Foods failed to do so. Urbandale West was aware of this agreement when it formed Paragon West with REI.
>
> In 2012, Foods informed REI that it was not going to develop the land as a grocery and convenience store, and REI relayed the information to Urbandale West. Thereafter, Paragon West's potential repurchase of the Dahl's Property was discussed in Paragon West's quarterly meetings and listed in Paragon West's monthly marketing reports. In April 2014, Foods informed REI they needed to sell the Dahl's Property within the next thirty days. By this

time, the relationship between the Urbandale entities and the R & R entities had deteriorated to the point the R & R entities no longer wanted to acquire land with the Urbandale entities unless they were legally required to.

In May 2014, PMR, an affiliate of REI, made an offer to Foods to purchase the Dahl's Property. PMR and Foods negotiated over the next couple of months, and in June 2014, Foods sold the Dahl's property to PMR. Along with a purchase agreement, the sale included a release, which relieved Foods and its successors and assigns, including PMR, from any obligation to provide Paragon West with a right to repurchase the Dahl's Property.

. . . . At no point prior to the sale did REI inform Urbandale West that another R & R affiliate was in negotiations to purchase the Dahl's Property. In the May and June 2014 monthly reports for Paragon West, REI included the potential Dahl's Property repurchase on the agenda. REI did not disclose that the property had been sold until the July monthly report and meeting, which was the first monthly report and meeting post-closing.

*Urbandale Best, LLC v. R & R Realty Grp., LLC*, No. 15-2015, 2017 WL 363239, at *1–2 (Iowa Ct. App. Jan. 25, 2017) (footnotes omitted).

In the previous appeal, this court affirmed the district court's ruling that REI breached its fiduciary duty by usurping a corporate opportunity of Paragon West but reversed the district court's decision refusing to remove REI as a managing member of Paragon West. In reversing, we found REI "violated its fiduciary duty of loyalty in appropriating a corporate opportunity of Paragon West by facilitating the purchase of the Dahl's property." *Id.* at *5. Further, the operating agreement allows a managing member to be removed for cause, defined, in part, as a breach of fiduciary duty involving personal profit. *Id.* at *6. We concluded REI breached its fiduciary duty "by failing to protect a company opportunity that belonged to Paragon West and steering that opportunity toward an entity it was affiliated with." *Id.* Because REI's breach of duty involved personal profit, we concluded the district court should have removed REI as a managing member of Paragon West

for cause. *Id.* Procedendo issued March 6, 2017 and directed the district court "to proceed in the manner required by law and consistent with the opinion of the court."

The next day, March 7, all parties filed a joint post-procedendo request for hearing requesting the district court file an order for the "full and complete implementation of the Court of Appeals' order and for such other relief as may be appropriate." The request indicated the parties had other ongoing issues and asked the court to order mediation before the entry of final judgment. The district court ordered mediation[1] and scheduled the hearing. However, mediation ultimately resulted in an impasse between the parties.

On June 23, Urbandale West filed a motion requesting entry of final judgment, including the enforcement of its right to a default buy-out pursuant to section 7.13[2] of the Paragon West operating agreement. It also requested, in the alternative, leave to file a supplemental petition which would expressly reference the contractual right to the default buy-out remedy. Urbandale West argued this court's opinion that REI's breach of fiduciary duty involved personal profit and constituted cause triggered its ability to exercise the default buy-out remedy under section 7.13 in addition to the removal of REI as a managing member under section 4.1 of the operating agreement.[3] REI resisted and argued Urbandale West did not

---

[1] Neither party appealed from this order.

[2] Section 7.13 reads, in part, as follows:
> In the event of any violation, breach, or other act or omission by a Member ("Breaching Member") . . . constituting Cause, the other Member ("Non-Breaching Member") . . . shall have the right to cause the Breaching Member to sell the Breaching Member's interest in the Company to the Non-Breaching Member.

[3] Section 4.1 reads, in part, "The Non-Managing Member may remove the acting Managing Member for Cause upon ten (10) days advance written notice to the Managing Member."

seek the buy-out remedy at any prior time in this case, and because Urbandale West had the opportunity to request the remedy earlier and did not do so, it was consequently prohibited from seeking the default buy-out.

The court heard the parties' arguments on June 30.[4] The district court then ordered REI's removal as the managing member of Paragon West in accordance with this court's opinion. The court found claim preclusion did not bar Urbandale West from seeking a new remedy because final adjudication on the merits had not yet occurred. However, it denied Urbandale West's right to exercise the buy-out right under section 7.13 because "[e]xercising the Buy-Out Right is inconsistent with removal," "nothing in the record indicates a buy-out was contemplated by either party throughout litigation," and it was "not in the interest of justice to order enforcement of the Buy-Out Right at this juncture." The court additionally denied Urbandale West's motion for leave to file a supplemental petition, based upon its finding that "Urbandale West asserts no reason as to why it did not seek to exercise the Default Buy-Out Right until this point in litigation and points to no new information, occurrences, or events that happened after the time the petition was filed that entitles it to new relief." Urbandale West appeals.

---

[4] Prior to the June 30 hearing on Urbandale West's motions, REI filed an action seeking a declaratory judgment to preclude Urbandale West's right to a default buy-out claim. The action was removed to federal court based on diversity jurisdiction. In our ruling, we note, but do not consider, that on November 6, 2017, the federal court determined Urbandale West's attempt to invoke the buy-out clause under Section 7.13 of the operating agreement was barred by claim preclusion. *R&R Real Estate Inv'rs, LLC v. Urbandale W., LLC*, No. 4:17-CV-00243, 2017 WL 5634152, at *5 (S.D. Iowa Nov. 6, 2017). Further, while the Iowa district court was considering Urbandale West's motions, REI filed a petition to expel all of the Urbandale Entities, including Urbandale West, from the remaining Paragon Entities or, alternatively, a declaratory judgment permitting REI's enforcement of its default buy-out rights, as provided for under section 7.13, of the Urbandale entities' membership interests in Paragon Best, North and West against Kansas City Liability, which wholly owns the Urbandale entities.

## II.    Analysis

The parties disagree as to the correct standard of review we should employ. We must first consider whether the district court had the authority to consider Urbandale West's post-procedendo claim to the section 7.13 default buy-out remedy without instructions from this court in our earlier opinion. We review this question on error. *See State v. Pearson*, 876 N.W.2d 200, 204 (Iowa 2016); *MC Holdings, LLC v. Davis Cty. Bd. Of Review*, 830 N.W.2d 325, 328 (Iowa 2013).

"It is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate courts in a case." *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2008). "Generally, the primary role of an appellate court is to correct any error in the judgment of the district court, while the responsibility to award and carry out court judgments is normally reserved for the district court." *Id.* "[A]n opinion issued by an appellate court in the exercise of its jurisdiction often requires further action to be performed to properly execute the judgment and decision." *Id.* Upon issuance of a procedendo following an appellate court opinion, the jurisdiction of the case returns to the district court "for the purpose of doing the act authorized or directed by the appellate court in its opinion and nothing else." *Id.* (citation omitted). "A procedendo is said to be an order by the appellate court requiring a lower court to proceed to judgment." *State v. Hawkeye Bail Bonds, Sur.*, 565 N.W.2d 615, 617 (Iowa 1997). At that point, the district court's authority is only "to the extent conferred by the appellate court's opinion and mandate." *City of Okoboji*, 744 N.W.2d at 331. Therefore, the district court's first task "is to determine the precise action directed to be done by the appellate court. Often, as in this case, the appellate mandate will simply instruct

the district court to proceed consistently with the appellate court decision." *Id.* at 331–32. A district court can "not read the mandate in a vacuum, but must consider the full opinion of the appellate court and the circumstances the opinion embraces." *Id.* at 332. "The letter and spirit of the mandate must be observed and implemented." *Id.*

In our previous opinion in this case, we affirmed the district court's decision except on one discrete issue. We reversed the court's refusal to remove REI as a managing member of Paragon West. Nothing else. We did not remand the case to the trial court with instructions for a new trial or any other proceedings. Though the district court "retain[ed] jurisdiction during and after appeal from its final judgment to enforce the judgment itself, the district court [did] not have the authority to revisit and decide differently issues already concluded by that judgment." *Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987). Our previous opinion resolved the issue of the remedy for REI's breach of fiduciary duty: removal of REI as a managing member. The intent and mandate of that opinion is clear: enter an order removing REI as a managing member. Any other action by the district court would have been null and void. *See City of Okoboji,* 744 N.W.2d at 331; *see also Wellmark, Inc. v. Iowa Dist. Ct.*, 890 N.W.2d 636, 643–44 (Iowa 2017), as amended (Apr. 27, 2017) (concluding district court had no power to allow amended claims after procedendo from prior appeal).

Therefore, we affirm the district court.

**AFFIRMED.**